IN JUNE, 1846.

---

## Matter of CLARK, a non-resident debtor.

In proceedings by attachment against absconding, concealed and non-resident debtors, there is no time prescribed within which the notice required by the statute must be published after the issuing and service of the attachment.

And where the notice was published two years and seven months after the issuing of an attachment upon which the debtor's property was immediately seized; *held* that the officer had not lost his jurisdiction of the proceeding by the delay, and that an appointment of trustees made at a proper time after such publication was valid.

The appointment of trustees in such a proceeding, where the officer had acquired *jurisdiction to issue the attachment,* precludes the debtor from alleging that jurisdiction had been lost by a subsequent irregularity.

MOTION to set aside the attachment and subsequent proceedings against Clark, who was proceeded against under the statute as a non-resident debtor.(*a*) The application was made to a

---

(*a*) The authority for making this application to this court, is found in 2 *R. S.* 13, § 68, which provides that after the appointment of trustees, the officer before whom the proceedings were had, shall report them to the supreme court, "after which (it is said) the supreme court shall have jurisdiction over such proceedings." This has been held to authorize the court to examine the proceedings from the commencement, and to set them aside on motion, if found erroneous. (*In the matter of Hurd,* 9 *Wend.* 467; *In the matter of Gilbert,* 7 *id.* 490; *In the matter of Hollingshead,* 6 *id.* 553.)

judge of the common pleas of New-York on the 22d May, 1841, who on the same day issued an attachment to the sheriff of the county of Rensselaer and made an order for the publication of the proper notice in the state paper and in a newspaper in New-York, and in another in Troy. The sheriff seized the property of the debtor to the amount of $2775,50 and returned the attachment to the judge in June, 1841, and the same was afterwards filed in the clerk's office of this court in the city of New-York. Nothing further was done until the 6th day of January, 1844, when the notice was published in the paper in New-York. On the 8th it was published in the paper in Troy and in the state paper. On the 14th day of December, 1844, the judge, on being furnished with proof of the publication of the notice, appointed three trustees for all the creditors of the debtor, who took the oath of office, and on the 26th day of the same month, the judge made and filed his report of all the proceedings had before him, to this court. While the notice was in the course of publication, two other creditors presented affidavits and petitions stating their desire to be deemed attaching creditors, pursuant to the thirty-seventh section of the act. In March, 1846, the trustees brought an action against the sheriff of Rensselaer, for the property seized by him on the attachment, which is pending. The error alleged was that the delay in the publication of the notice was a discontinuance of the proceedings, and that the officer had lost his jurisdiction.

*N. Hill, Jr.* for Clark.

*A. P. Man,* for attaching creditors.

*By the Court,* JEWETT, J. It is conceded that the papers presented to the officer were sufficient to confer upon him jurisdiction to issue the attachment, but it is insisted that the appointment of trustees was unauthorized and void, and that before that act was done all right to proceed further was lost on account of the delay which took place after the attachment was issued, before the notice was published. The debtor has nine

months after the first publication of the notice to appear and discharge the attachment; (2 *R. S.* 8, § 31;) and his right so to do is to be stated in the notice; and if he fails to do so, and the attachment is not discharged within the time so limited, the officer, within three months after the expiration of such time, upon proof being made of the publication of the notice, is to appoint trustees. (§ 58.) If the three months is suffered to expire without an appointment of trustees being made, the attachment becomes void. (§ 59.) The sheriff is obliged to retain the property, or its avails in case he shall sell it, until the appointment of trustees. (*Id. p.* 4, § 7.) On the appointment of trustees, and their taking the oath of office, they are deemed vested with all the estate of the debtor from the first publication of the notice. (*Id. p.* 41, § 6.)

It is argued by the counsel for the debtor that a necessary construction of the statute requires the notice to be published before the expiration of thirty days from the time the property is attached; for, it is said, if a vessel is attached, whether it belong to the debtor or a third person, it may be sold within thirty days after the seizure, (*id. p.* 7, § 25,) and it is unreasonable that the title to the property of any one should be changed without any sort of notice. But that question does not arise. The title to the property sold is not in controversy. It is perhaps true that if the court has a right to prescribe the time within which the notice must be published, the period suggested might as well be fixed as any other. The statute no where declares when the publication shall commence, though it prescribes its contents, in what papers it shall be published, the effect of the first publication on the debtor's property and on his capacity to convey or encumber it, and the duties and liabilities of persons who may owe him or have his property in their possession. (§§ 28, 31, 33, 34, 35.) Until the notice is published, the rights of the debtor over his property, at least that which is not actually seized on the attachment, are unaffected by the proceedings. Important rights accrue to the creditor by the publication of the notice, which he would not

otherwise have, and it seems reasonable therefore to suppose that the legislature contemplated that the interest he would feel would secure a prompt publication of the notice, and would render unnecessary any legal provision for that object. It was probably deemed quite sufficient to insure diligence in this respect on the part of the creditor, to allow the debtor the right to dispose of his property until the notice was published. There is no ambiguity in the statute to call for a judicial construction and enable the court to prescribe a limit within which the notice must be published; but we must give effect to its provisions as we find them expressed, whatever may be our opinion of their wisdom, leaving it to the legislature to amend whatever may be found defective.

But should the views already suggested be unsound, there is a difficulty in the way of our interfering after the appointment of trustees. The appointment of trustees is made "conclusive evidence that the debtor therein named was a concealed, absconding or non-resident debtor within the meaning of the foregoing provisions, and that the said appointment and all the proceedings previous thereto were regular." (*Id. p.* 13, § 62.) The effect of this is to preclude all inquiry into the regularity of the proceedings previous to the appointment of trustees, though it does not preclude the debtor from raising the question whether the officer acquired jurisdiction in the first instance. (*See In the matter of Hurd,* 9 *Wend.* 465; *Matter of Faulkner,* 4 *Hill,* 598.) In *Hubbell* v. *Ames,* (15 *Wend.* 372,) the maker of a note sued by an endorsee, set up a transfer of the note while in the hands of the payee by force of proceedings under the statute, and the court held that the appointment of trustees in that proceeding was *prima facie* sufficient to show jurisdiction in the officer who issued the attachment. Here it is admitted that the officer gained jurisdiction in the first instance, and having issued the attachment and made an order for publication, and the attachment having been executed and the notice published, he was authorized and required to appoint trustees within a specified time, and to make and file his report, all of which he has performed.

If it should be conceded that there was a delay not warranted by a proper·construction of the statute, in the publication of the notice, I think it was only an irregularity, which the debtor is estopped from questioning by the conclusive evidence which the statute attributes to the appointment of trustees. It has been held that an irregularity in publishing the notice under a similar statute, does not divest the officer of the jurisdiction he had once gained. (*Cunningham* v. *Bucklin*, 8 *Cowen*, 178, 187.) If it were otherwise, any departure from a strict conformity with the statute in the progress of the proceeding would produce a similar result. It was to prevent such consequences that the legislature precluded the debtor from raising any question as to the regularity of the proceedings after the appointment of trustees. (*Cunningham* v. *Bucklin, sup.*) For these reasons I am of opinion that the motion ought not to be granted.

Motion denied.