Hard *v.* Shipman.

SAME TERM.    *Before the same Justices.*

HARD *vs.* SHIPMAN.

The docket of a justice of the peace, or a transcript from such docket, of the proceedings in a suit in which the justice acquired jurisdiction of the cause, and of the person of the defendant, is conclusive evidence of the facts therein stated ; and in a suit upon the judgment rendered by the justice, can not be contradicted by parol evidence.

Where an inferior court has once acquired jurisdiction, it will not lose it by a subsequent error or irregularity.    Accordingly *held* that a justice of the peace did not lose jurisdiction of a cause by erroneously adjourning it, contrary to the agreement of the parties, and that a judgment subsequently rendered by the justice was valid until reversed on certiorari.

THIS case came up by appeal from the county court of the county of Franklin.    The suit was originally commenced before a justice.    Hard, the plaintiff, declared against Shipman, the defendant, in debt, on a judgment rendered July 26th, 1847, before one Henry E. Button, a justice of the peace, in favor of Hard against Shipman, for $25,47, damages and costs.    Shipman pleaded *nil debet*.    On the trial before the county judge, the plaintiff introduced in evidence a transcript, from the docket of Button, of the judgment, and proceedings had before him ; together with the certificate of the county clerk required by the revised statutes.    The transcript set forth the proceedings in the suit before Button ; and, among other things, stated that the

cause was adjourned until the 19th day of July, 1847 ; at which time and place the cause was called, and the parties appeared, and such proceedings were had in the said cause, that the same was adjourned by the agreement of the parties until the 26th day of July, then instant; at which time the cause was called, and the plaintiff appeared, but the defendant did not appear; and that, after waiting one hour, and the defendant not appearing, the plaintiff thereupon duly proceeded to the trial of the cause, &c. The defendant then offered to prove, by parol testimony, that the cause mentioned in the transcript was not adjourned by the agreement of the parties from the 19th to the 26th of July, 1847, but that the parties had agreed to adjourn the cause to the 22d day of July. To which evidence the plaintiff objected. But the judge received the evidence, and the plaintiff excepted. The defendant proved that the cause was tried by a jury on the 19th day of July, 1847; that the jury did not agree, and were discharged by the justice ; that while the jury were out deliberating on their verdict, an agreement was made between the plaintiff and defendant, and the justice, on the outer steps of the house where the trial was had, that if the jury did not agree, the cause should be adjourned until the 22d day of July, then instant, and a new venire issued, returnable on that day ; that the defendant then left the court, and was not present when the jury came in.

The plaintiff offered to prove that after the 19th of July, and prior to the 26th, the defendant had notice that the cause was adjourned to the 26th of July, as stated in the transcript, and that the defendant thereupon consented to such adjournment to the 26th. The defendant objected to this evidence, and the county judge sustained the objection, and rejected the evidence; and the plaintiff excepted. The judge charged the jury that the parol evidence introduced on the part of the defendant to contradict the transcript of the justice, as to the adjournment . of the cause, by the consent of the parties, to the 26th of July, was competent evidence, as it related to the jurisdiction of the justice ; and that if the jury believed, from the evidence, that the cause was not adjourned by the consent of the parties to the

Hard *v.* Shipman.

26th of July, they should find a verdict in favor of the defendant. To this charge the plaintiff excepted. The jury found a verdict for the defendant.

*John Hutton,* for the appellant.

*Wm. A. Wheeler,* for the respondent.

*By the Court,* PAIGE, P. J. The only question in this case is, whether the evidence received by the county judge, to contradict the transcript from the docket of Button, of the judgment and proceedings before him in the prior suit between the parties to this suit, was competent evidence. If the transcript was conclusive evidence of the fact stated therein, of the adjournment of the cause, by the consent of the parties, to the 26th of July, 1847, then the evidence received in contradiction of the statement of that fact in the transcript, was inadmissible.

The want of jurisdiction may always be set up against a judgment of a court, whether of general, or of special and limited jurisdiction, whenever such judgment is sought to be enforced, or any benefit is claimed under it. To give any binding effect to a judgment, it is essential that the court should have jurisdiction both of the person, and of the subject matter. There is, however, a marked distinction between superior courts of general jurisdiction, and inferior courts, or courts of special and limited jurisdiction. As to the former, the intendment of law is that they had jurisdiction, until the contrary appears; but as to the latter, those who claim any right or exemption under their proceedings, are bound to show affirmatively, that they had jurisdiction. (*Mills* v. *Martin,* 19 *John.* 33, 4, *Spencer, C. J. Borden* v. *Fitch,* 15 *Id.* 141, *Thompson, Ch. J.* 9 *Cowen,* 229. 19 *John.* 40. *Jackson* v. *Slater,* 5 *Wend.* 295. 11 *Id.* 647. 3 *Cowen,* 208.) In pleading the proceedings of an inferior court, it is necessary to state sufficient to give jurisdiction to the court, and on the trial, the party setting up such proceedings must prove the facts giving the court jurisdiction. (6 *Cowen,* 236. 7 *Hill,* 24. *Frary* v. *Dakin,* 7 *John.* 78, 9.) If a court, whether of general or limited jurisdiction, undertakes to hold cognizance

of a cause, without having jurisdiction both of the person and subject matter, the proceedings are utterly void: and, in the case of a limited or special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction in such a case, becomes a trespasser. (19 *John.* 40, 41. 3 *Cowen,* 209.) But if an inferior court acquires jurisdiction, but errs in exercising it, the proceedings of the court are not void, but voidable only. They will protect the magistrate, parties, and officer. They may be reversed on certiorari or appeal, but are valid and binding until reversed; and can not be collaterally assailed. It is a well settled principle, where an inferior court has acquired jurisdiction, that its proceedings will not be rendered void by any subsequent error, or irregularity of the court. In such case, they are reversible, but until reversed they are valid in respect to every body. (2 *Cowen & Hill's Notes,* 978, 989. 8 *Cowen,* 178, 187.) Where jurisdiction has been once gained, it can not be lost by a subsequent irregularity; and every intendment will be made in favor of the regularity of the subsequent proceedings. (3 *Denio,* 168. 8 *Cowen,* 137, 187. 2 *Cowen & Hill's Notes,* 1014. 10 *Pet.* 449.) The jurisdiction of a court, whether of general or of limited jurisdiction, may be inquired into, although the record of the judgment states facts giving it jurisdiction. The record is never conclusive as to a recital, or the statement of a jurisdictional fact; and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary. No court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alledging the existence of facts on which jurisdiction depends. (5 *Hill,* 168, *per Bronson, J.*)(a) If the court had no jurisdiction, it had no power to make a record; and the supposed record is not in truth a record. If not a record, it can not import absolute verity. (*Starbuck* v. *Murray,* 5 *Wend.* 158. *Shumway* v. *Stillman,* 6 *Id.* 452. 5 *Hill,* 168.)

But the record of a court of general jurisdiction, of either this or any other state in the Union, if it state facts giving the court jurisdiction, is prima facie evidence to prove the jurisdiction of

(a) See also *Noyes* v. *Butler,* (*ante, p.* 613.)

the court. (6 *Wend.* 447.) And such record, when the juris-
diction of the court is established, is conclusive upon the parties
thereto and their privies, as to every fact stated in it, except such
as are jurisdictional. (2 *Cowen & Hill's Notes,* 1014.) In
England it seems to be unsettled whether the statement of juris-
dictional facts in records of courts of limited and special juris-
diction, can be received as prima facie evidence of such facts.
Phillipps intimates that such statements are evidence of juris-
diction. (2 *Phil. Ev.* 416.) The contrary opinion is expressed
in several cases in the English courts. (2 *Cowen & Hill's Notes,*
1014, 1015.) Parties claiming under a judgment of a court of
inferior jurisdiction, must show affirmatively that such court had
jurisdiction. In this state it appears to have been settled that
the statement or recital in a record of an inferior court or tribu-
nal, of facts constituting jurisdiction, may be received as prima
facie evidence, and that proof of such facts *aliunde,* where the
record contains a statement of them, is not necessary. This
was expressly held in *Barber* v. *Winslow,* (12 *Wend.* 102.)
And this decision was authorized by the previous decisions in
*Jencks* v. *Stebbins,* (11 *John.* 226 ;) 16 *East,* 13 ; 15 *Wend.* 372,
and 3 *Id.* 42. Although the question in *Barber* v. *Winslow*
arose on a discharge under the insolvent act of the 12th of April,
1813, (1 *R. L.* 464,) the 8th section of which declared that the
discharge should be conclusive evidence of the facts therein
contained, the decision in that case was not founded on that
section. That section did not dispense with the necessity of
showing jurisdiction in the discharging officer, or preclude a
party from showing the want of jurisdiction in the first instance.
(3 *Denio,* 170. 9 *Wend.* 465. 4 *Hill,* 598.)

If the record of the inferior court omits to state facts necessary
to give the court jurisdiction, it is not, without proof of such facts
*aliunde,* evidence for any purpose. (11 *Wend.* 647. 5 *Id.* 292.
2 *Cowen & Hill's Notes,* 1013. 8 *Cowen,* 361, 370.) The same
rule is applicable to records of judgments of the courts of a sister
state, whether of general or limited jurisdiction. (6 *Wend.* 447.)

Is the docket of a justice of the peace, or a transcript from such
docket, in a suit in which the justice acquired jurisdiction of the

cause, and of the person of the defendant, conclusive evidence of the facts therein stated ?

A record of a court of record imports absolute verity, and can not be contradicted. It is conclusive proof that the decision or judgment of the court was as is there stated. (1 *Phil. Ev.* 317.) In *Posson* v. *Brown,* (11 *John.* 166,) it was held that although the proceedings and judgment before a justice of the peace, might not be technically a record, yet parol evidence of them was not admissible, and that the written minutes or evidence of the proceedings must be produced ; and that the statute (1 *R. L.* 398, § 21) directing the manner in which proceedings before justices of the peace should be authenticated, seemed to regard such proceedings as in the nature of a record. In *Pease* v. *Howard,* (14 *John.* 479,) it was held that an action of debt upon a judgment in a justice's court, was not barred by the statute of limitations ; because, as the judgment was conclusive evidence of the debt, it was a debt by specialty. Van Ness, J. in that case, says, " Whether a justice's court is strictly a court of record it is not material to determine in this case ; for if it be not, it is settled that a judgment rendered in it is conclusive evidence of a debt, and the merits of such a judgment, while it remains in force, can not be overhaled or controverted in an original suit at law, or in equity ; and it is as final, as to the subject matter of it, to all intents and purposes, as a judgment of this court." In *James* v. *Henry,* (16 *John.* 233,) it was held that a justice's judgment was equivalent, at least, to a specialty ; and that assumpsit would not lie on such a judgment. In *Mitchell* v. *Hawley,* (4 *Denio,* 416,) Beardsley, J. says, the judgment of a justice, in a case in which he has jurisdiction, is " in the nature of a debt of record ;" it " is more than equivalent to a specialty ; for that may be impeached on various grounds, as fraud or illegality. Such a judgment, however, while unreversed, is, for every purpose, as conclusive, between the parties, as that of the highest court of record in the state." Since the adoption of the revised statutes, a justice's court has higher claims to the rank of a court of record, and the docket of a judgment therein to the dignity of a record, than before that

Hard *v.* Shipman.

time. The revised statutes (2 *R. S.* 268, § 243) require every justice of the peace to keep a book, and to enter therein particularly every material proceeding in the cause. These requirements were new, and not contained in the old justices' acts. If a justice's judgment is now entitled to rank as a record, the rule of evidence applicable to records must be applied to it. If it is more than a specialty, and is as conclusive between the parties as the judgment of the highest court of record, I can not see why it is not entitled to take its rank as a record. If it is to be deemed a record, it follows that it can not be contradicted by parol evidence. Even as a specialty, to which at least it is equivalent, parol evidence is not admissible to contradict it. (1 *Phil. Ev.* 548, 555.)

Section 246 (2 *R. S.* 267) declares that the transcript from the docket of a justice, of a judgment before him, shall be evidence to prove the facts stated in such transcript. Section 21 of the justices' act of 1813, (1 *R. L. p.* 398,) declared that the official certificate of a justice of the peace, of the proceedings and judgment in a suit before him, should be good and legal evidence to prove the facts contained therein, and nothing more. In *McLean* v. *Hugarin,* (13 *John.* 184,) it was held that parol evidence was not admissible to contradict a certificate of a justice of the proceedings in a former suit before him, given under the 21st section of the justices' act of 1813. In *Bates* v. *Conckling* (10 *Wend.* 389,) where a justice's return, on appeal, stated that four persons were impleaded as defendants, and joined issue in the cause, it was held that evidence on the trial in the common pleas, was inadmissible to show that only two of the defendants were arrested and brought into court. In *Van Steenbergh* v. *Bigelow,* (3 *Wend.* 42, 47,) it was decided that the inquisition made by appraisers under the " act relative to turnpike companies," (1 *R. L.* 230, § 3,) was conclusive as to the facts stated in it relative to their own proceedings. Savage, C. J. in that case says, (3 *Wend.* 48,) " By the inquisition the proceedings appear to have been regular; but if they were not, so long as a valid appraisement appears, we will not inquire collaterally into the proceedings of the appraisers. Enough is

shown to give them jurisdiction. The inquisition is on file, and a matter of record. If incorrect, it might have been set aside on certiorari." In *Gray* v. *Cookson,* (16 *East,* 13, 20,) Lord Ellenborough intimated an opinion that a conviction, by magistrates, of an apprentice, under the act of 20 Geo. 2, ch. 19, § 4, good upon its face, could not be questioned collaterally in an action of trespass against the magistrates. In the case of *Strickland* v. *Ward,* (7 *T. R.* 629, 630, *note,*) which was an action of trespass and false imprisonment against the defendant, a justice of the peace, Mr. Justice Yates gave his opinion that a conviction, regularly drawn up, of the plaintiff by the defendant for unlawfully returning to a parish from whence he had been removed, " could not be controverted in evidence ; that the justice having a competent jurisdiction of the matter, his judgment was conclusive, till reversed or quashed ; and that it could not be set aside at nisi prius." Phillipps (2 *Phil.* 415) says, " It is a general principle of law, that where justices of the peace have an authority given to them by act of parliament, and they appear to have acted within the jurisdiction so given, and to have done all that they are required to do in order to originate their jurisdiction, a conviction drawn up in due form, and remaining in force, is a protection in any action brought against them in consequence of their having so acted."

In *Basten* v. *Carew,* (3 *Barn. & Cress.* 649,) such a conviction was held conclusive as an answer to an action of trespass against the magistrates. In *Brittain* v. *Kinnaird,* (1 *Brod. & Bing.* 432,) the court of common pleas of England decided that the conviction was conclusive evidence of the facts contained in it. In that case, Dallas, C. J. says, " It is established by all the ancient, and required by all the modern decisions, that a conviction by a magistrate who has jurisdiction over the subject matter, is, if no defects appear on the face of it, conclusive evidence of the facts stated in it." The same proposition was advanced in that case by Justices Park, Burrough and Richardson. In *Mather* v. *Hood,* (8 *John.* 50,) it was held that a record of conviction by a justice, under the act to prevent forcible entries and detainers, which showed the justice had juris-

diction, and proceeded regularly, was conclusive and could not be questioned or traversed in a collateral action. In *Cunningham* v. *Bucklin*, (8 *Cowen*, 187,) where a commissioner had acquired jurisdiction of an application for an insolvent's discharge, it was decided by the supreme court, that the discharge, while unreversed, was conclusive evidence of the facts stated therein, and could not be controverted.

The foregoing authorities, it would seem, clearly establish the proposition that the transcript from the docket of a justice of the peace, of a judgment rendered by him, was conclusive evidence of all but jurisdictional facts stated therein. But it is insisted that the evidence received by the county judge in this cause related to the jurisdiction of the justice, and was therefore competent evidence.

This proposition I think cannot be maintained. It is conceded that the justice, Button, acquired jurisdiction of the cause and of the person of the defendant. Having acquired jurisdiction, he did not lose it by erroneously adjourning the cause to the 26th instead of the 22d of July, contrary to the agreement of the parties.

This error, or irregularity, did not render the subsequent proceedings void. The judgment subsequently rendered was a valid judgment until reversed on certiorari. Where an inferior court has acquired jurisdiction it can not lose it by a subsequent error or irregularity. The defendant offered to prove, and proved, that the parties, while the jury were deliberating on their verdict, made an agreement for the adjournment of the cause to the 22d day of July. The defendant neither offered to prove, nor proved, that the justice did not, in fact, adjourn the cause, after the jury came in, to the 26th of July. We must assume, therefore, that the justice did actually, after the jury were discharged in open court, adjourn the cause to the 26th. This assumption is sustained by the offer of the plaintiff to prove that after the 19th of July, and before the 26th, the defendant had notice that the cause was adjourned to the 26th of July ; and that the defendant consented thereto. Conceding the fact to be as proved by the defendant, the result is that the

justice, after the jury were discharged, and while the court was open, adjourned the cause to the 26th of July, without the consent of the defendant. This was undoubtedly an error in the justice. If the agreement proved by the defendant, was made in court, and therefore a valid agreement, the justice should either have adjourned the cause to the 22d of July, or should, as soon as the jury were discharged, have issued a new venire returnable within forty-eight hours. (2 *R. S.* 245, § 111.) The justice's adjournment of the cause to the 26th of July, under the circumstances, amounted, to use the language of the cases, to a discontinuance of the suit. (*Gamage* v. *Law*, 2 *John.* 192. *Proudfit* v. *Henman*, 8 *Id.* 391. 5 *Id.* 353. 4 *Id.* 117. 9 *Id.* 140. 10 *Wend.* 497.) But according to the decision in *Horton* v. *Auchmoody*, (7 *Wend.* 200,) the justice did not, by such adjournment, lose his jurisdiction of the cause. He had jurisdiction of the cause, of the parties, and of the question of adjournment. His error was an error of judgment; a judicial error; and the only consequence of the error was, that the judgment entered after the adjournment, was reversable on certiorari. Although it is said, in the cases, that an adjournment of a cause by a justice, at his own instance, or at the instance of the plaintiff, without authority, amounts to a discontinuance of the suit; yet, by this expression, nothing more is meant than an irregularity or error, for which the judgment subsequently entered could be avoided or reversed on certiorari. The judgment is valid and binding until reversed. The remedy applied in all the cases above cited, bearing on this question, was the direct remedy by certiorari. In the case of *Hubbard* v. *Spencer*, (15 *John.* 244,) cited by the respondent's counsel, the cause was wholly out of court when the judgment was confessed. On the adjourned day neither of the parties appeared, and the justice did not retain his jurisdiction of the cause by an adjournment. More than a month after the cause was out of court, one Sherrill appeared before the justice and confessed a judgment in behalf of the defendant, and in favor of the plaintiff. This was a new suit, in which the justice never acquired jurisdiction of the person of the defendant. The supreme court,

Hard *v.* Shipman.

therefore, correctly decided that the proceeding was *coram non judice* and utterly void.   In the case of *Cunningham* v. *Bucklin,* (8 *Cowen,* 178,) the insolvent's discharge recited a regular adjournment of the hearing to the day of the discharge.   The plaintiff alledged that this recital was false, and that the commissioner had, previous to this alledged adjournment, dismissed the proceedings.   Yet the court held that the discharge was conclusive evidence, and that the facts therein stated could not be controverted.   If the question of the adjournment of the hearing related to the jurisdiction of the commissioner, the court could not have so decided.   For the statute which declared that the discharge should be conclusive evidence of the facts therein contained, did not preclude an inquiry into the jurisdiction of the commissioner.   (9 *Wend.* 469.   4 *Hill,* 598.   3 *Denio,* 170.   15 *Wend.* 372.)   The court undoubtedly deemed the adjournment after the commissioner had declared that the proceedings were dismissed, an irregularity, for which the only remedy was a certiorari.   (8 *Cowen,* 187.)

Even in some cases where a jurisdictional question is involved, the judgment of an inferior court is held to conclude the parties. Such cases are where the inferior court is authorized to ascertain and try a jurisdictional fact, and which fact is tried and determined judicially by the court.   In these cases the decision can not be questioned collaterally, but can only be reviewed on a writ of error, or certiorari.   (2 *Cowen & Hill's Notes,* 1016, 1020, 1.   1 *Brod. & Bing.* 432.   12 *Pick.* 572, 582, 3.)

I am satisfied that the evidence received by the county judge did not relate to the jurisdiction of the justice, and that it was therefore, for the reasons herein before stated, incompetent evidence to contradict the transcript from the docket of the former judgment.   The remedy of a party who is injured by a false entry of a justice on his docket, or by a false transcript made by him, is by an action against the justice.   (8 *Cowen,* 187.)

The judgment of the county court must be reversed ; and a new trial ordered in that court.