Pullman *v.* The Mayor &c. of New York.

---

PULLMAN *vs.* THE MAYOR &c. OF THE CITY OF NEW YORK and others.

A municipal corporation, like any other, may enter into any contract within the object for which the corporation was created, except where it is restrained by some legal enactment, and except so far as its contracts may be subject nevertheless to its future exercise of its legislative authority.

The act of the legislature, of April 20, 1866, (*Laws of* 1866, *ch.* 876,) being the tax levy for that year, is a private or local bill, within the meaning of the constitution, and section 9 restricting the power of the corporation of New York to make contracts, relates to a subject not expressed in the title of the act, and is therefore unconstitutional. INGRAHAM, J., dissented.

An injunction will not be issued to restrain the corporation of the city of New York from entering into a contract, where there is no valid statute preventing the making of such contract, and the case presents no case justifying the interference of the court on the ground of fraud.

APPEAL from an order made at a special term, denying a motion to dissolve an injunction issued to restrain the execution of a contract entered into by the defendants.

· *By the Court*, Cardozo, J. A municipal corporation, like any other, may enter into any contract within the object for which the corporation was created, except where it is restrained by some legal enactment, and except so far as its contracts may be subject nevertheless to its future exercise of its legislative authority. There can be no doubt, therefore, that the contract, which the common council authorized, and which was sought to be restrained by this action, might be lawfully made, unless some valid law exists preventing it, or unless a case of fraud is presented.

The complaint in this case makes no allegations of fraud. There is no suggestion in it that the common council acted fraudulently, corruptly or dishonestly, and there is no fact averred which could be the basis of any such conclusion. The plaintiff states the reasons which induced him to vote against the measure, and it may be that it would have been well if they had convinced a majority of his associates. But they did not; and we cannot support his judgment by judicial action, in the absence of fraud; unless the proposed contract is contrary to law.

It is plain enough, upon merely reading the complaint, that the only ground upon which the plaintiff believed the court should or could interfere, was that the proposed contract was illegal and void by reason of the provision contained in the act of April 20th, 1866.

The plaintiff did not claim that there was any other statute which prevented the making of the contract.

The provision of the act of April 20th, 1866, which restricts the power of the corporation as claimed by the plaintiff, is, I think, unconstitutional. That statute, which was the tax levy for the year 1866, is a private or local bill within the meaning of the constitution, and the section relied upon relates to a subject not expressed in the title of the law. I have recently had occasion to express my views upon this point in the case of *The Transcript*

*Association* v. *The Mayor &c.;* and those views are sustained by the opinion of Justice Sutherland in *Pullman* v. *The Mayor &c.,* and Justice Monell in *Bretz* v. *The Mayor &c.,* and Justice McCunn in *Smith* v. *The Mayor &c.* (*See also The People* v. *Hills,* 35 *N. Y. Rep.* 449; *The Sun Mutual Insurance Company* v. *The Mayor &c.,* 4 *Seld.* 253.) We have not been referred to any other enactments restricting the power of the corporation upon this matter, and I know of none myself, except a statute respecting all cities and villages, passed in 1853, (*Session Laws of* 1853, *p.* 1135;) but which obviously does not affect the present case, and the 32d section of the revised ordinances of the city, relating to contracts for supplies and work for the corporation, (*see Hoffman's Laws of New York, vol.* 1, *p.* 148,) which forbids the departments of the city, and those having charge of expenditures, making contracts or incurring expenditures, authorized by the common council, to an amount exceeding the several appropriations made; unless an appropriation sufficient to cover such excess shall have been made by the common council. But this was only a by-law of the city, revocable at its pleasure, and the resolution directing the making of the contract in question expressly repealed any resolution or ordinance inconsistent with it.

The complaint presenting no case justifying the interference of the court on the ground of fraud; and there being no valid act preventing the making of the contract, it follows that the injunction should have been dissolved, and therefore that the order below was erroneous and should be reversed.

INGRAHAM, J., (dissenting.) I am not satisfied to hold that the 9th section of the tax law of 1866, page 2070, is unconstitutional. It has been held that the tax law is a private or local bill. As such it cannot contain any provisions not connected with the subject matter of the

statute. That act was passed to provide means for carrying on the government of the city for the year, and the legislature limited the use to which the money should be applied by this section.

The first part of the section prohibits the use of the moneys to be raised for any other purpose than that to which they are appropriated. This has been for many years incorporated in the tax bills, and has never, that I know of, been objected to as unconstitutional. The residue of the section prohibits the making of any contract, or incurring any liability for any purpose, which would exceed the sum appropriated.

I think this provision may fairly be considered as a part of the necessary regulations as to the application of the moneys to be raised by tax. It is the same subject, directing the application of the money and preventing its use for any other purpose.

The order should be affirmed.

Order reversed.

[New York General Term, April 6, 1869. *Geo. G. Barnard, Ingraham* and *Cardozo,* Justices.]