The People *v.* Davis.

———•●•———

THE PEOPLE *vs.* JOHN T. DAVIS.

THE SAME *vs.* WILLIAM HUBER.

It may be laid down as a rule, that that which concerns the administration of public justice, like legislation respecting a court, though the court be of limited jurisdiction—though its sittings be confined to a certain specified locality—is a public law; a law which affects the public generally, and in which they are interested.

Within this rule, an act of the legislature, creating or regulating the court of special sessions of the city and county of New York, inasmuch as it affects the public, is not local, within the meaning of section 16 of article 3 of the constitution, which provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be embraced in the title."

The court of special sessions applies to and affects the people at large, though its jurisdiction is limited to offenses committed within a certain locality, and is a part of the general system for the administration of public justice in the State.

It follows that the 49th section of the act of April 26, 1870, "to make further provision for the government of the city of New York," (*Laws of* 1870, *vol.* 1, *ch.* 383, *pp.* 881, 917,) is a general law, and is valid, though contained in a local one.

The People *v.* Davis.

Although that statute designs that, generally, the court shall be held by the two justices jointly, and provides for filling a vacancy; yet it also contemplates that though the office was not vacant, it might happen that one of the justices would be disabled from sitting; and in such cases, the other was authorized to hold, alone, while such disability continued.

The statute does not declare any particular thing as being the disability to which it refers; and therefore anything that should disable the justice from holding the court would plainly be covered by the term. Sickness, absence from the city, inability, though in the city, to reach the court-house—which might arise from several causes—would clearly disable the judge from holding the court; and if he were not present at the court, he was "disabled" from acting, within the meaning of the statute. (INGRAHAM, P. J. dissented; holding that there must be some actual disability existing.)

Where the record of a conviction by one justice, only, showed that the other justice was "absent through disability;" *Held* that this was the statement of a fact. That that fact was jurisdictional, and, if untrue, might have been controverted; it being well settled that "no court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alleging the existence of the facts on which jurisdiction depends."

Under the act of April 26, 1870, a conviction before a single justice of the court of special sessions of the city and county of New York, is valid, where the record alleges that the other justice was "absent through disability," and that fact is not controverted.

Although so much of the act of 1870, as authorizes the court to be held by one justice alone, under any circumstances, was repealed by implication by the 2d section of the act of April 5, 1871, (*Laws of* 1871, *ch.* 302,) yet that section of the latter act was itself repealed by the act of April 12, 1871, (*Laws of* 1871, *ch.* 438,) and that part of section 49 of chapter 383 of the laws of 1870, which conferred upon one justice the power to sit without his associate, when the latter was disabled, stands restored.

It is well settled that the repeal of a repealing statute revives the original statute. And this is so, although the repeal was only by implication.

JOHN T. DAVIS, and several other parties, who had been tried and convicted, for various misdemeanors, at the court of special sessions of the peace, held in and for the city and county of New York, caused the record and proceedings in their respective cases to be brought into this court to be reviewed.

The defendant Davis was arrested upon a charge of assault and battery, and as appears by the proceedings in the court of special sessions, having waived his right to trial by jury, and selected that court as his tribunal, was

---

The People *v.* Davis.

---

put upon his trial before Justice Dowling, who alone held what purported to be a court of special sessions, on the 13th day of December, 1871; and Davis, having been convicted of the charge, was sentenced to imprisonment in the penitentiary of the city of New York.

The important questions were substantially the same in all these cases. They resolve themselves into this: Was it a legally constituted court which tried and convicted the parties, or were the proceedings *coram non judice?* In other words, what is the present state of the law consti- tuting the special sessions of the peace? The recital at the head of each record of conviction is, (dates being here omitted,)

"At a court of special sessions of the peace, holden in and for the city and county of New York, at the halls of justice of the said city, on ——, the — day of —— in the year of our Lord one thousand eight hundred and seventy-one.

The honorable Joseph Dowling, police justice, elected in the second police judicial district of said city and county, and duly designated to hold the court of special sessions of the peace in and for the city and county of New York, under and by virtue of section 49, of chapter 383 of the laws of 1870; the justice elected in the fifth police judicial district, also designated as aforesaid, being absent through disability."

*A. S. Sullivan,* (asst. dist. att'y,) for the people.

I. May one of the police justices of said city hold said court? The act of April 26, 1870, entitled "An act to make further provision for the government of New York," (*Laws of* 1870, *ch.* 383,) contains this section: "Section 49. The court of special sessions, in the city and county of New York, shall hereafter be held by those two police justices of the city of New York, who shall be designated for that purpose by the mayor of said city, under his hand

The People *v.* Davis.

and seal, within thirty days after the passage of this act; whereupon they shall, in holding said court, exclusively possess all the powers and duties now possessed by justices of said court. In the event of any vacancy, the mayor shall immediately, in like manner aforesaid, designate any other police justice to fill it. In case of any disability of either of the two police justices to hold court, it shall be legal for the other to hold it while such disability continues. All provisions of law inconsistent herewith are hereby repealed." Upon the record now before this court the conclusive presumption of law is, that the mayor duly designated the justices of the second and the fifth police judicial districts to hold the special sessions, and that the absence of one of said justices from said court was the result of such a "disability" as the statute contemplated. It is sufficient that the record adopts the language of the statute. "Disability" is a fact. The legislature seem, purposely, to have selected the most comprehensive word, so as to meet every case which could detain a justice from the court.

II. The statute above recited has been modified by chapters 302 and 438 of the laws of 1871. These enact that "whenever both of the justices now designated by law to hold the said court of special sessions shall be unable to act, by reason of sickness or disability, or shall be absent from the city, it shall be the duty of the mayor, &c., to designate the recorder or city judge to act in the place and stead of said justices during the continuance of said disability or absence." Neither of these acts contains any repealing clause. They are supplemental to the act of 1870, above cited, which, except as thus supplemented, remains in full force, and is the constituent law as to the organization of said court.

III. It has been argued that the act of 1870, chapter 383, is void and unconstitutional. That act is entitled "An act to make further provision for the government of New

York." Inasmuch as this act is said to be a local bill, it must be judged subject to section 16, article 3, of the constitution. "Provision for the government of New York," is the "title" of the act. The constitution provides, that "no local bill shall embrace more than one subject." It is contrary to the legal principles for testing the validity of acts of the legislature, to give to words in the constitution a narrow or shrunken meaning. The word "subject" must receive a liberal interpretation. "Provision for government" is one subject, embracing details of finance, police, administration of justice, &c. This proposition establishes the validity of the law now in question.

*Charles W. Brooke*, for the defendant Davis.

I. The proceeding had against the defendant in and by the court of special sessions was in violation of article 6 of the constitution of the United States, and of sections 1 and 2 of article 1 of the constitution of the State of New York. (*Wilkinson* v. *Leland*, 3 *Peters*, 657, *per Story, J. Dwarris on Stat.* 438. *Westervelt* v. *Gregg*, 12 *N. Y.* 212. *Wynehamer* v. *The People*, 13 *id.* 434.)

II. The act of April 26, 1870, under which the court of special sessions was held, or so much thereof as is contained in the 49th section of the said act, is in conflict with, and in violation of, article 3, section 16 of the constitution of this State. (*The People* v. *O'Brien*, 38 *N. Y.* 195. *The People* v. *Supervisors of Chautauqua*, 43 *id.* 10. *The Sun Mu. Ins. Co.* v. *The Mayor &c.*, 8 *id.* 253.)

III. So much of the act of the 26th of April, 1870, as provides, " In case of any disability of either of the two police justices to hold court, it shall be legal for the other to hold it while such disability continues," is repealed by the act of April 5, 1871. (2, *Bac. Abr., Stat. D.* 22, *B. R. Reg.* v. *The Inhabitants of St. Edmonds, Salisbury*, 84. *Bowen* v. *Lease*, 5 *Hill*, 225 *and note*. *Van Rensselaer* v. *Snyder*, 9 *Barb.* 308. *Williams* v. *Potter*, 2 *id.* 316. *Daviess* v. *Fair-*

The People *v.* Davis.

*borne,* 3 *How. U. S.* 636. People v. *Deming,* 1 *Hilton,* 271. *U. S.* v. *Case of Hair Pencils,* 1 *Paine,* 400. *Harrington* v. *Trustees of Rochester,* 10 *Wend.* 550. *Cass* v. *Dillon,* 2 *Ohio N. S.* 607. *Dash* v. *Van Kleeck,* 7 *John.* 497. *Columbian Manuf. Co.* v. *Vanderpool,* 4 *Conn.* 556. *Livingston* v. *Harris,* 11 *Wend.* 329. *Norris* v. *Crocker,* 13 *How. U. S.* 429.)

IV. In the event of any disability attaching to either one of the justices assigned to hold said court, the mayor, under the unrepealed portion of the act of the 26th of April, 1870, must designate some other police justice to fill the vacant place; the court cannot be held by one justice.

V. The evident intention of the legislature was that one judge should never hold the court of special sessions. (*U. S.* v. *Collier,* 3 *Blatch.* 325. *Plowd.* 95. *Moser* v. *Newman,* 6 *Bing.* 561. *Donaldson* v. *Wood,* [*opinion of Ch. Walworth,*] 22 *Wend.* 395. 1 *Burr.* 445. *Vernon's case,* 4 *Co.* 4. 4 *Taunt. R.* 447, 450. 5 *id.* 417. 1 *Kent,* 520. *Doug.* 38.)

VI. Even though the portion of the act of the 26th of April, 1870, referred to, was not repealed, the proceedings do not show upon their face that any such disability existed at the trial of the defendant, as was contemplated by the act to empower one justice to hold said court of special sessions. The mere allegation that the other justice was absent " through disability" is not enough; the proceedings must show what the disability was, as that question is one of law, as well as of fact. (*Corwin* v. *Merritt,* 3 *Barb.* 341. *Harrington* v. *The People,* 6 *id.* 607. *The People* v. *Common Council of Brooklyn, Id.* 209. *Bloom* v. *Burdick,* 1 *Hill,* 130. *People* v. *Schermerhorn,* 19 *Barb.* 541.)

VII. The proceedings do not show that any disability existed at the time the judgment was pronounced against the defendant to prevent the two justices assigned to hold said court from being present at the time such judgment was rendered. (*Lattimore* v. *The People,* 10 *How. Pr.* 336. *Bennet* v. *Ward,* 3 *Caines,* 259.)

VIII. The weight of evidence adduced in proceeding was clearly in favor of the prisoner, and his conviction was, therefore, erroneous. The court should have acquitted him thereupon. (*Murphy* v. *The People,* 2 *Cowen,* 815. *People* v. *Wilbur,* 4 *Park. Cr. Rep.* 19. *People* v. *Board of Police,* 39 *N. Y.* 506. *People* v. *Goodwin,* 5 *id.* 568. *Baldwin* v. *City of Buffalo,* 35 *id.* 376. *Williams* v. *The People,* 24 *id.* 405.)

IX. The sentence of the court was not commensurate with the nature of the charge, and was in no manner justified or warranted by the evidence.

CARDOZO, J. These cases present important questions. It has been generally believed that the presence of both justices was necessary to constitute the court of special sessions, and there have been general term decisions to that effect; but the matter now for the first time is directly and necessarily before the general term for adjudication under the statutes as they now stand.

Two principal questions are to be determined : First, whether the statutes, as they now exist, allow the court of special sessions to be held by one justice when the other is disabled from being present; and, secondly, whether the section of the act of 1870, chapter 383, § 49, under which it is claimed the court may be so constituted, is affected by the constitutional provision that no private or local bill shall embrace more than one subject, and that shall be expressed by its title. (*Const. art.* 3, § 16.)

Chapter 383 of the laws of 1870 is "An act to make further provision for the government of the city of New York." To that extent it is unquestionably a local statute. (*People* v. *O'Brien,* 38 *N. Y.* 193.) But if in that local bill there is a provision of public or general law, then it is very well settled that that matter shall stand; for it might have been enacted without any title at all; and to that

extent the bill is a public one. (*People* v. *Supervisors of Chautauqua*, 43 *N. Y.* 10.)

It becomes necessary, therefore, to inquire what the character of section 49 of the act of 1870 is; that is, whether it is public or local. Section 49 relates to the court of special sessions of the peace in and for the city and county of New York; and the question is, is legislation in respect to that court local or public. Of course the court is to be held in the city and county of New York, and in that sense it may be termed local, because the locality of its sittings is in that county; but I think it is not "local," as that expression is to be understood when employed as defining or describing a statute which is the opposite of a public one.

I do not find that the precise question has ever been decided. It did not exist in *McCann's case*, (16 *N. Y.* 58;) and all that was decided there, and all that it was necessary to decide was, that so far as the provisions of the statute (*Laws of* 1855, *p.* 613,) then under consideration, relate to the courts of oyer and terminer of the State, generally, the act is a public act of general application, and is therefore not within the prohibition contained in the 16th section of the 3d article of the constitution. Judge Bowen may, perhaps, be understood as having assumed that the act, so far as it referred to the general sessions of the city and county of New York, was local; but he did not exactly say so, and he may have merely meant to discuss the question involved, upon the theory that that was so, without conceding it. This opinion may be understood either way. But at all events, his remark upon that branch of the case was *obiter*. So in *Williams' case*, (24 *N. Y.* 405,) Judge Denio rather assumes, without examination, that an act relative to police justices and courts, and their clerks, in the city of New York, (*Laws of* 1860, *ch.* 508,) "may be considered local." Whether Judge Denio meant that it was his opinion that

it was local, or that it might, for the purpose of that case, be considered so, without examination, is not apparent; but the remark was wholly unnecessary to the determination of the question before the court, which related to the 33d section of that act, and which he holds "not local, within the meaning of the constitution;" and the court did not pass upon the point, but reversed the judgment upon another ground.

*Sedgwick (on Statutory and Constitutional Law, p.* 31,) says: "A statute concerning all persons generally, though with relation to a special, or particular thing, as appeals, assizes, or woods in a forest, is a public act."

In *Burnham* v. *Acton,* (4 *Abb. Pr.,* N. *S.,* 1,) Judge Monell, in the Superior Court, citing several cases, says: "Statutes, local in one sense, may nevertheless be, in some cases, general statutes, and it is not necessary, to render a statute a public act, that its provisions should be equally applicable to all parts of the State. It is enough that they extend to all persons doing, or omitting to do, an act within the territorial limits described in the statute. Another distinction is, that all statutes which are of a penal nature are public laws, although they may be limited in their operations and effects to particular localities, or parts of the State." Judge Denio, in *Williams* v. *The People,* uses similar language.

Now although the court of special sessions is limited in its jurisdiction, and has, so far as its sittings are concerned, a locality, yet it is established to protect all people, whether residents of this city or not, and to punish persons, whether residents here, or elsewhere, who commit certain crimes within this county. So, an act for the creation of a workhouse in the county of Middlesex, and for the discharge of certain poor prisoners, was held to be a public act. (*Sedg. p.* 33.) And the same author says: "Generally, if the act affects, in any way, public interests, it will be held public."

The People *v.* Davis.

It seems to me that it may well be laid down as a rule, that that which concerns the administration of public justice, like legislation respecting a court, though it be of limited jurisdiction—though its sittings be confined to a certain specified locality—is a public law ; a law which affects, and in which the public generally are interested. Within these views, and the authorities I have mentioned, an act creating, or regulating, the court of special sessions, as it affects the public, is not local, within the meaning of the constitution.

This does not conflict with any case in our State to which my attention has been directed. I will mention some of them. In *The People* v. *O'Brien*, (38 *N. Y.* 193,) the section of the act held unconstitutional, related only to the office of councilmen of the city of New York, and was obviously a local provision. It related exclusively to this municipality. In *The People* v. *Hills*, (35 *N. Y.* 449,) the question was, whether " an act amending an act to amend and consolidate the several acts relating to the city of Rochester " was local. The acts consolidated constituted the charter of the city of Rochester, which was manifestly a local matter. In the language of Chief Justice Davies, " it is not general, and has no application except to the common council of a particular locality." In *Pullman* v. *The Mayor*, (54 *Barb.* 169,) the statute related to the corporation of the city of New York, only, and the provision condemned was in no sense anything but a part of a local act. In *Gaskin* v. *Meek*, (42 *N. Y.* 186,) the provision relating to sales of real estate thereafter made in the city and county of New York was clearly local. It prescribed a rule as to sales of land situate within one city of the State.

In all these cases, which I have cited to show the distinction between local and general statutes, the legislation had no general application, and that is just what distinguishes them from the statute now under consideration,

and marks them as local acts; while, on the contrary, the court of special sessions applies to the people at large, though its jurisdiction is limited to offenses committed within a certain locality, and is a part of the general system for the administration of public justice in the State.

It follows, therefore, that the 49th section of the act of 1870 is a general law, and is valid, though contained in a local one. By that section it is provided that "the court of special sessions in the city and county of New York shall hereafter be held by those two police justices of the city of New York, who shall be designated for that purpose by the mayor of said city, under his hand and seal, within thirty days after the passage of this act; whereupon they shall, in holding said court, exclusively possess all the powers and duties now possessed by justices of said court. In the event of any vacancy, the mayor shall immediately, in like manner aforesaid, designate any other police justice to fill it. In case of any disability of either of the two police justices to hold court, it shall be legal for the other to hold it while such disability continues."

Undoubtedly, the statute designs that generally the court shall be held by the two justices jointly; and it provides for filling a vacancy. But it also contemplates that though the office was not vacant, it might happen that one of the justices would be disabled from sitting; and in such cases, the other was authorized to hold alone while such disability continued. The statute does not declare any particular thing as being the disability to which it referred, and therefore anything that disabled the justice from holding the court would plainly be covered by the term. Sickness, absence from the city, inability, though in the city, to reach the court house—which might arise from several causes—would clearly disable the judge from holding the court; for his presence at the court would be necessary in order that he should take part in its proceedings; and if he were not present, he was "disabled" from

acting, within the meaning of the statute. The records show that one judge was "absent through disability." That is the statement of a fact. No doubt that fact was jurisdictional, and if untrue might have been controverted; for it is well settled that "no court, or officer, can acquire jurisdiction by the mere assertion of it, or by falsely alleging the existence of the facts on which jurisdiction depends." (6 *Barb.* 621.) But there is nothing before us disputing the verity of the statement. Therefore, as the law stood by force of the act of 1870, the conviction of these prisoners by Judge Dowling was right, and upon the record and evidence before us it will be our duty to affirm the proceedings.

But it is argued that so much of the provision of the act of 1870 as authorizes the court to be held by one justice, under any circumstances, was repealed by the 2d section of the act of April 5, 1871, (*Laws of* 1871, *ch.* 302,) which provided that thereafter whenever either of the justices of the special sessions should be unable to act, &c., it should be the duty of the mayor to designate either the recorder, or city judge, to act in his place during the continuance of the disability.

It is claimed, and I think truly, that although the statute of April 5, 1871, contains no express words of repeal, the provision I have quoted is inconsistent with the idea of one of the police justices holding the court alone, and that therefore the prior grant of such power, in the act of 1870, is repealed by implication. And undoubtedly, if the law stood thus, the conviction would have to be reversed as not being by a court constituted so as to have the jurisdiction which the judge exercised. But on the 12th of April, 1871, (*Laws of* 1871, *ch.* 438,) the legislature amended the act of April 5, 1871, and enacted that section 2 of the last mentioned statute should read thus: "Hereafter, whenever *both* of the justices, now designated by law to hold the said court of special sessions, shall be unable to

act, by reason of sickness, or disability, or shall be absent from the city, it shall be the duty of the mayor of the city of New York to designate either the recorder, or city judge, of said city and county of New York, to act in the place and stead of such justices during the continuance of such disability, or absence."

The 2d section of the act of 1871 was thus repealed by another entirely different one being substituted in its place. Thus the act which, by implication, destroyed the right of one justice, alone, to hold the sessions, was virtually repealed; and it is very well settled that the repeal of a repealing statute revives the original statute, (*Sedg. p.* 137;) and this is so, although, as here, the repeal was only by implication. (*Id.*) Thus that part of section 49, of chapter 383, of the laws of 1870, which conferred on Judge Dowling the power to sit without his associate when the latter was disabled, stands restored, and that is so although thereby but a part of a statute is revived. (*Id.* 137.)

Except by this view the law would stand without any provision for holding the court during the temporary disability of one of the judges, while the statutes, by this construction, provide for every case, whether of *vacancy* in office, or of temporary disability of *both*, or of but *one* of the justices.

I do not think the other points discussed by the counsel for the prisoners need any remark.

The proceedings below should be affirmed.

GEO. G. BARNARD, J., concurred.

INGRAHAM, P. J., (dissenting.) I do not think that where the statute requires two justices to hold the special sessions, the same can be satisfied by the voluntary absence of either from the court, so as to allow the court to be held by the other alone.

There must be some actual disability existing to prevent the attendance of the justice.

The mere statement, in the caption of the. record, that the other justice was absent, from disability, is not conclusive. There may be some doubt as to the proper mode of raising this question; but I am not willing to assent to the proposition that such entry is sufficient to authorize the court to be permanently held by one justice.

Convictions affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.]