THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* The Commissioners of Public Charities and Correction of the City of New York, Respondents, *against* CHARLES J. DANDO, Appellant.

(Decided December 6th, 1886.)

The jurisdiction of the district courts in the City of New York over actions on bastardy and abandonment bonds, conferred by the first clause of section 1 of chapter 389 of the Laws of 1862, was also vested in them, as "prescribed by a special statutory provision," under section 3215 of the Code of Civil Procedure (subd. 3), which took effect January 12th, 1880; and was therefore not divested by the repeal of the first clause of the act of 1862, by chapter 245 of the Laws of 1880, the repealing act having taken effect September 1st, 1880.

Nor was the jurisdiction affected by the substitution, by the Code of Criminal Procedure, of undertakings for bonds in such cases (§ 882); nor by the provision that actions upon them shall be brought in the name

of the city instead of in the name of the people of the state (§ 881), the city being the real party in interest.

Under the statutory requirement that two magistrates, acting together, shall conduct proceedings in bastardy (Code Crim. Pro. § 848), an order of filiation made by one on an examination by him alone, and an undertaking given in pursuance of it, are void, although the record is also signed by another magistrate; and in an action on such undertaking, evidence is admissible, on behalf of defendant, to contradict the record in that respect.

APPEAL from a judgment of the District Court in the City of New York for the Third Judicial District.

The facts are stated in the opinion.

*Foster & Stephens*, for appellant.

*W. A. Boyd*, for respondent.

VAN HOESEN, J. — In determining the effect of the Code of Civil Procedure upon other acts of the legislature, we are bound to hold that the last nine chapters of the Code were enacted on the 12th day of January, 1880 (§ 3355). On the 12th day of January, 1880, section 1 of chapter 389 of the Laws of 1862 was in force, and that section conferred "upon district courts of the City of New York jurisdiction of actions in which the people of this state are a party, where such actions are brought by the overseers of the poor, or the commissioners of public charities and correction, upon bastardy and abandonment bonds, and the amount demanded or recovered does not exceed five hundred dollars."

This act of 1862 is "the special statutory provision" mentioned in subdivision three of section 3215 of the Code of Civil Procedure. That jurisdiction having been vested in the district courts on January 12th, 1880, by section 3215, was not divested by the repeal of the first clause of the act of 1862, which was effected by chapter 245 of the laws of 1880, which took effect on September 1st, 1880.

The only changes in the law under consideration that have been made since the Code went into operation are

those that have been introduced by the Code of Criminal Procedure. A bond is no longer taken in a bastardy case, the instrument called an undertaking having been substituted for it; and the party plaintiff in an action on the undertaking is not the People of the State of New York, but the Mayor, Aldermen, and Commonalty of the City of New York (Code Crim. Pro. § 882, and tit. 5 c. 1, 2).

Though a bond is not identical with an undertaking, and though in certain cases it may well be said that a statutory provision requiring that a bond shall be given is not complied with when a mere undertaking is offered in its stead, I am of opinion that, in interpreting the meaning of the word "bond" as it is used in section 3215 of the Code, we are bound to regard it as including the word undertaking. In other words, as the intent of the legislature, in enacting section 3215, was to provide a cheap and speedy method of enforcing obligations entered into in bastardy cases, we are to give to the language of the Code a construction that will not defeat that intent. The word "undertaking" is within the equity of the statute. It was by looking beneath the letter of the statute in order to forward the intention of the legislature, that, in construing statutes, courts have held that the word executors included administrators, and that the word persons included corporations (Smith's Const. & Stat. L. § 698). Sections 729, 730, and 810–816 of the Code of Civil Procedure place bonds and undertakings in the same category, and make the provisions that apply to one applicable to the other. No possible reason can be suggested why bonds should be prosecuted in district courts and why undertakings should not be. The undertaking is merely a simplified bond without a seal. A penal bond, though in the ancient form, may now be sued upon as though its condition were a covenant to pay the sum, or perform the act, specified in the condition (Code Civ. Pro. § 1915); that is to say, it may be treated as if it were an undertaking. This is a case, therefore, for the application of the maxim, *Ubi lex est specialis, et ratio est generalis, generaliter est accipienda.*

People v. Dando.

Nor do I think that the jurisdiction of the district courts does not extend to actions upon undertakings because the legislature has seen fit to provide that actions upon them shall be brought in the name of the city instead of in the name of the people of the state. A court having jurisdiction of the parties and the subject matter, cannot lose jurisdiction through the substitution of the real for a nominal plaintiff. The avails of the recovery go into the city treasury (Code Crim. Pro. § 881). The effect of the provision that the action shall be brought in the name of the corporation was merely to require the action to be prosecuted in the name of the real party in interest. Such a provision does not deprive the district courts of jurisdiction. It seems to me, therefore, that under section 3215, district courts have jurisdiction of actions brought in the name of the corporation of New York upon bastardy and abandonment undertakings.

The form of the obligation upon which this suit is brought has been severely but justly criticised. It is in form neither a bond nor an undertaking. It bears some resemblance to a recognizance, though it is not one. It ought to be banished from the police courts. Defective in form as it is, it might, perhaps, be upheld under the liberal provisions of section 729 of the Code of Civil Procedure.

I think that the District Court erred in rejecting proof that the proceeding in which the obligation was executed, was *coram non judice*. The Code of Criminal Procedure (§§ 848, 849, 850, 851, 852, 853, 859, 861, 862, 863), imperatively requires that two magistrates shall together conduct the proceedings. One magistrate alone has no power to act, and his orders are null and void. Validity is not imparted to his void adjudications by having the record of his proceedings signed by another magistrate. If it be true that only one magistrate conducted the examination, and made the order of filiation, he was acting without jurisdiction, and had no power to hold the prisoner, and to exact an undertaking. This want of jurisdiction could be shown whenever any step was taken to enforce the void adjudica-

tion. As the order of filiation was void, so also was the undertaking given in pursuance of it (*Com.* v. *Loveridge*, 11 Mass. 337; *Corning* v. *Slosson*, 16 N. Y. 294; *Morss* v. *Morss*, 11 Barb. 515).

It was perfectly proper for the defendant to contradict the record for the purpose of proving that the court was without jurisdiction (*People* v. *Capels*, 5 Hill 164; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Craig* v. *Andes*, 93 N. Y. 410; *Hard* v. *Shipman*, 6 Barb. 621, 624; *Harrington* v. *People*, Id. 607).

It was error, therefore, for the District Court to reject the evidence offered by the defendant, and the judgment should be reversed.

As the proper party plaintiff is not before the court, a new trial will not be ordered. The appellant is allowed costs of the appeal.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment reversed, with costs.