## SIRE *v.* MERRICK.

*(Common Pleas of New York City and County, General Term.* July 22, 1889.)

1. JUDGMENT—COLLATERAL ATTACK—FACTS ESSENTIAL TO JURISDICTION.

    As it is essential to the validity of a judgment of a district court of the city of New York that the decision of the court be communicated to the clerk within eight days, it is error, when such a judgment is introduced in evidence, to exclude evidence that it was not given until after that time had expired.

2. SAME—EVIDENCE—CONTRADICTORY RECORD.

    Where the record of the judgment introduced fails to show that the decision was delivered within the required time, such evidence does not contradict the record, and besides, the non-existence of facts essential to jurisdiction may be shown, though they contradict the record.

Appeal from First district court.

Argued before VAN HOESEN and ALLEN, JJ.

*I. Fromme,* for appellant. *J. Callahan,* for respondent.

PER CURIAM. In *Dalton* v. *Loughlin,* 4 Abb. N. C. 187, we held that, in order to make the judgment of a district court valid, the decision of the justice must be communicated to the clerk of the court within eight days, and that the failure of the justice to deliver his decision to the clerk within that period was not a mere irregularity that gave ground for an appeal, but was fatal to the jurisdiction of the court over the cause. It has been held that a final order must, like a judgment, be given within eight days after the submission of the case. *People* v. *Loomis,* 2 Civ. Proc. R. 278. An omission by the clerk of a district court to record the judgment or the final order will not oust the court of jurisdiction, because the act of the clerk is merely ministerial, and may therefore, in the absence of words in the statute that indicate an intention on the part of the legislature to prescribe immutable limits

as to time, be done at convenience. As it was essential to the jurisdiction of the court that the case should be decided by Justice GOLDFOGLE within the time agreed upon, namely, on or before May 25th, and, as the validity of the record of Justice GOLDFOGLE's final order depended upon the time at which the decision was communicated to the clerk of the First district court, it was error to exclude the testimony that was offered to show that the decision was given to the clerk after the 25th of May, the time at which the right of the justice to decide the matter expired. In the case of *People* v. *Dando,* 20 Abb. N. C. 248, we held, upon the authority of several cases in the court of appeals and in the supreme court, that evidence ought to be received for the purpose of showing that a judgment that is offered in evidence is in fact invalid, and of no weight as proof because it was rendered by a tribunal that was without jurisdiction. See *Craig* v. *Town of Andes,* 93 N. Y. 405; *Ferguson* v. *Crawford,* 70 N. Y. 253; *People* v. *Cassels,* 5 Hill, 164; *Hard* v. *Shipman,* 6 Barb. 621–624; *Harrington* v. *People,* Id. 607. In the matter before us there is nothing to show that the decision was communicated to the clerk on the 25th of May, and the evidence offered would not have contradicted the record. But the non-existence of a fact essential to the existence of jurisdiction may be proved, even if the record be thereby contradicted. The final order should be reversed.