## THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs and Appellants, *v.* HUGH O'BRIEN and Others, Defendants and Respondents.

*Local Laws—Tax Levy of 1867—Title.*

Section 8 of chap. 586, of Laws of 1867, is local in its character, and comes within the prohibition of art. 3d, section 16, of the Constitution.

Section 8 of the above Act, so far as it relates to the term of office of Councilmen in the city of New York, is local in its character.

*Wm. M. Tweed, Jr., N. J. Waterbury,* and *J. K. Porter* for Appellants.

*Waldo Hutchins* and *Aaron J. Vanderpoel* for Respondents.

Grover, J.—From the facts found by the Judge upon trial, the Respondents are respectively entitled to hold the office of Councilmen of the city of New York, in case sect. eight (8) of chapter five hundred and eighty-six (586) of Laws of 1867, entitled, " An Act to enable the Board of Supervisors of the County of New York to raise money by tax for the use of the Corporation of the City of New York, and in relation to the expenditure thereof; and to provide for the auditing and payment of unsettled claims against said city, and in relation to actions at law against said corporation," so far as it relates to the term of office, and the time of electing Councilmen in future, is constitutional, and therefore valid ; and that if that section is in conflict with the constitution, and therefore void, it is equally clear that the Respondents are not entitled to the office, but that the Appellants respectively are so entitled. It is claimed by the Appellants' counsel that section 8 of the Act is in conflict with and a violation of art. 3, sect. 16, of the constitution of the State, and also with article 10, sect. 2. Section 16, art. 3, of the constitution provides that " No private or local bill which may be passed by the Legislature shall embrace more than one subject, and that shall be expressed in the title."

The first inquiry obviously is, whether section 8 of the act above referred to, so far as relates to the term of office of Councilmen in the city of New York, and the time, &c., of their election, is local, in the sense of the constitution.

It is clear that it relates only to the officers of the municipal corporation of New York, and has no force outside of the territory embraced in the corporation, nor any possible effect upon property not within the corporate limits, or upon persons not for the time being within such limits.

It would seem to follow, necessarily, that the act in question is local, as contradistinguished from general. The former is entirely confined in its operations to the property and persons of a specific locality. The latter embraces either persons or property of the people of the State in general, or of some class of persons or species of property, not limiting the operations of the law to any particular locality less than the whole.

This view is sustained by the judgment of this Court in The People *v.* Hills (352 N. Y. 449). In that case it was held that amending the charter of the city of Rochester was local, within the meaning of the constitution. The section (8) in question, so far as it relates to the office of Councilmen, amends the charter of New York city.

There is no distinction in respect to an act modifying the charter of New York from one modifying that of Rochester, except in respect to the population of the cities—that of the former being vastly larger than that of the latter. Notwithstanding this, the act, in either case, affects only a particular locality. The question, whether local or general, cannot depend upon the relative numbers in any particular locality.

It cannot be true that an act relating to the charter of Utica is local, while one relating to that of Buffalo is not, although the latter has four times the population of the former; nor that relating to Buffalo local, and that to New York not, because the latter has much the greater population.

The framers of the constitution had no such design, or they would

have prescribed some standard, based upon population, by which the question should be determined. Not having done so, they must be presumed to have used the term local in the sense in which it is generally understood.

In this sense any law limited to any particular locality is local, irrespective of the population of such locality, whether great or small. The People *v.* McCann (16 N. Y. 60), and Williams v. The People (24 id. 405), are not in conflict with this view. In the former the act was held general because it not only regulated, in some respects, the administration of justice in the county of New York, but also in this Court; and in Williams *v.* The People it was held general because it provided for the confinement of convicts in the prisons of the State, outside of the city of New York. This was one of the reasons assigned for the judgment. In neither were the acts limited in their operation to the city, or any other specified locality. The section in question being local, it remains to inquire whether its subject is expressed in the title. A perusal of the title of the act (supra) will clearly show that it is not. No one, from reading the title, would have the slightest idea that the term of office of the Councilmen of the city of New York was in any way affected. The section must, therefore, be adjudged void upon this ground.

This renders it unnecessary to inquire whether it is in conflict with section 2, art. 10, of the constitution.

The judgment of the Court below, at General and Special Term, must be reversed, and judgment entered removing the Respondents, except Hugh O'Brien, from the office of Councilmen of the city of New York.

It is insisted that the Relators were not respectively duly elected to the office, for the reason that the notice of such election required by law was not given.

This objection is fully answered by the rule adopted by this Court in The People *v.* Cowles (3 Kernan, 350), and in The People *v.* Cook.

The judgment must further declare that the Relators are enti-

Opinion by Grover, J.

tled to the office, with costs of this Court, and of the Courts be-low.  As to Hugh O'Brien, the judgment must be affirmed, with costs.

Affirmed as to Hugh O'Brien.

Reversed as to all others.

JOEL TIFFANY,
State Reporter.