GEORGE GASKIN, Respondent, *v.* EDWARD MEEK and others. BENJAMIN P. FAIRCHILD, Purchaser, Appellant.

The act entitled "An act in relation to the fees of the sheriff of the city and county of New York, and to the fees of referees in sales in partition cases," passed May 4th, 1869 (Laws of 1869, ch. 569), is a local act, embracing more than one subject; and, as the subject of exclusive power in the sheriff to make sales in that city and county, under the decrees of any court of record (except in partition and cases where the sheriff is a party), is not expressed in the title, the act is unconstitutional; and sales made in that county by referees under the direction of the court are valid.

(Submitted January 15, 1870; decided March 19, 1870.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial district, affirming an order of the Special Term.

On the 4th day of May, 1869, the legislature of the State of New York passed an act, entitled "An act in relation to the fees of the sheriff of the city and county of New York, and to the fees of referees in sales in partition cases."

(Laws of 1869, chap. 569.) By the first section of this act it is provided that all judicial sales in the city of New York, made after the passage thereof, except in partition cases and where the sheriff is a party, should be made by the sheriff of the city and county of New York.

The plaintiff herein, having commenced this action in the Supreme Court to foreclose a certain mortgage, such proceedings were thereupon had that, on the 16th day of August, 1869, a judgment of foreclosure and sale was entered, but the justice who granted the same directed the sale to be made by a referee, instead of by the sheriff, as required by the act of the legislature.

The appellant purchased the premises, at the sale subsequently made, but refused to accept the deed tendered to him, on the ground that the decree was void and the sale illegal, by reason of such violation of the act.

A motion was made at a Special Term of the Supreme Court to compel the purchaser to complete his purchase, which was granted. The purchaser appealed to the General Term, where the order was affirmed. From this decision, and the order made thereon, the purchaser appeals to this court.

*George F. Demarest*, for the appellant, cited *People* v. *McCann* (16 N. Y., 58); S. C., 15 How. Pr. R., 305; *Sun Ins. Co.* v. *Mayor* (4 Seld., 241); *Connor* v. *Mayor* (7 Seld., 26); *Brewster* v. *City of Syracuse* (19 N. Y., 116); *People ex rel. Crowell* v. *Lawrence* (41 N. Y., 2 Hand, 137); *Burnham* v. *Acton* (4 Abb. N. S., 1); *Britz* v. *Mayer* (3 id., 478); *People* v. *Supervisors of Orange County* (27 Barb., 575); *Phillips* v. *Gorham* (17 N. Y., 270); *Bach* v. *Nixon* (9 N. Y., 35, 87); *Benjamin* v. *Benjamin* (5 N. Y., 353).

*John Henry Hull*, for the respondent.

HUNT, J. Section one of the act of 1869 (vol. 2, p. 1377), provides as follows: " All sales of real estate hereafter made in the city and county of New York, under the decree or judgment of any court of record (except sales in cases of

partition, and where the sheriff of said city and county is a party), shall be made by the sheriff of said city and county."

The second section prescribes in detail the fees of the sheriff on foreclosure sales. The third section provides that certain commitments by police justices shall be directed to the sheriff of said city, and prescribes his fees thereon. Section 4 prescribes the fees of referees on sales in partition.

The title of the act is as follows: "An act in relation to the fees of the sheriff of the city and county of New York, and to the fees of referees in sales in partition cases."

It is evident, that the two subjects of the fees of the sheriff and the fees of referees provided for in sections 2 and 4, are referred to in the title; while the subjects of the exclusive power of the sheriff to make the sales in that city under judgments and decrees, and the power of police justices to issue commitments to the sheriff, are not referred to in the title. Before the passage of this act, as is now the case in other parts of the State, sales on mortgage foreclosure in the city of New York, could legally be made by referees appointed under the order of the court. By this act, this power is taken away, and if valid, every such sale in the city of New York must now be made by the sheriff.

Under the recent decisions of this court, this act must be held to be a local act. (*The People* v. *O'Brien*, 38 N. Y., 193; *The People* v. *Hills*, 35 N. Y., 449; *The People ex rel. Bradley* v. *Stephens*, decided December, 1869.)

Under the same authorities, it must be held that the act embraces more than one subject, and that the subject of the exclusive power of the sheriff of the city of New York to conduct sales under the decrees of the courts of record, is not expressed in the title of said act.

The act is therefore invalid, and the sale by a referee was valid. The order of the court below, directing that the purchaser complete his purchase, was correctly made and should be affirmed.

All concur for affirmance, except Sutherland, J., who, having heard the case at General Term, did not vote.