## SUPREME COURT.

THE FALL BROOK COAL COMPANY agt. ELLEN B. LYNCH, impleaded, &c.

*Change of venue — in action by non-resident corporation — constitutional act.*

The act of 1873, chapter 139, Session Laws, 1873, page 237, provides that "while said Fall Brook Coal Company shall have an office and place of business in this state, they may sue and be sued the same as if they were a corporation of the state of New York, and for that purpose shall be deemed a resident corporation of this state."

The plaintiff being a corporation organized under the laws of the state of Pennsylvania, brought this action against the defendant, a resident of the county of Onondaga in this state, and laid the venue in the county of Schuyler, in this state, where it kept an office and place of business. The defendant duly made a demand that the place of trial be changed to the county of Onondaga, which was refused, and thereupon the defendant moved to thus change the place of trial.

*Held*, that although the subject of the bill is not expressed in the title, the act cannot be regarded as "private or local," within the meaning of the constitution, and is therefore not unconstitutional.

The plaintiff having in all things complied with the provisions of said act relating to its keeping an office and place of business within the county of Schuyler, the motion must be denied.

*Chenango Special Term, July 28th,* 1874

THIS was a motion to change the place of trial in this action from the county of Schuyler to the county of Onondaga, upon the ground that the latter was the proper county.

The moving papers show that the plaintiff is a corporation organized under the laws of the state of Pennsylvania; that the defendant is a resident of Onondaga county, and that demand of a change of venue to the proper county was duly made.

It was conceded upon the argument of the motion that the venue could be retained in the county of Schuyler only by virtue of the act of the legislature of the state of New York, passed March 26th, 1873 (*chap*. 139, *p*. 237, *Session Laws of* 1873), amending the act of April 15th, 1864 (*chap*. 192, *p*. 382, *Session Laws of* 1864).

It further appeared that the plaintiff had in all things complied with the provisions of said acts, relating to its keeping an office and place of business within this state.

*M. J. Sunderlin*, for plaintiff.

*Irving G. Vann*, for defendant.

COUNTRYMAN, *J.*—This application must be denied, unless the act of 1873 (*chap*. 139) is in conflict with article 3, section 16 of the constitution. The subject of the bill is not expressed in the title, and the act is therefore void, if it can be regarded as "private or local" within the meaning of the prohibition (*People* agt. *Hills*, 35 *N. Y.*, 449; *People* agt. *O'Brien*, 38 *N. Y.*, 193; *Gaskin* agt. *Meek*, 42 *N. Y.*, 186; *People* agt. *Allen*, 42 *N. Y.*, 405). It manifestly is not a local statute (*People* agt. *Supervisors of Chautauqua*, 43 *N. Y.*, 11, 14, 21). Is it a private act? A private bill relates only to particular persons or particular classes of men and their private concerns (1 *Black. Com.*, 459; *Potter's Dwarris on Statutes*, 53; 2 *Burrill's Law Dic.*, 335). This act provides that "while said Fall Brook Coal Company shall have an office and place of business in this state, they may sue and be sued the same as if they were a corporation of the state of New York, and for that purpose shall be deemed a resident corporation of this state."

The act clearly confers a benefit upon the plaintiff in permitting it to enjoy the privileges of a resident corporation, for the purpose of bringing suits in its own behalf, and as an incident thereof, the right claimed in this action of desig-

nating the place of trial in the county where its office and
place of business is located., But in the same connection and
as a part of the same provision it also confers the correlative
right upon all other residents of the state in permitting the
plaintiff to "*be sued* the same as a corporation of the state
of New York." Independently of this statute it is very
doubtful whether the plaintiff could have been sued in lower
courts of judicature (*Paulding* agt. *Hudson Manufacturing
Company*, 2 *E. D. Smith*, 38; *Aken National Steamship
Company*, 8 *Abb.* [*N. S.*], 283, 285; *Whitehead* agt. *Buffalo
& Lake Huron R. R. Co.*, 18 *How.*, 218; *International Life
Ins. Co.* agt. *Sweetland*, 14 *Abb.*, 240). The right to sue the
plaintiff in the same manner as a resident corporation was not
a privilege or benefit conferred, but a new liability imposed
upon it for the benefit of residents of the state, and is a pro-
vision in which all the people of the state may be interested.
It is a liability imposed for the benefit of the creditors and
all persons having dealings with the company, in the general
management of its business and affairs. In this respect the
act relates to the general welfare of the people at large and
may affect the whole community; and it must therefore be
regarded as a public statute (*People* agt. *Supervisors of
Chautauqua*, 43 *N. Y.*, 11, 14, 20; *Williams* agt. *The People*,
24 *N. Y.*, 405, 407; *In Matter of De Vancene*, 31 *How.*,
289, 337 *and* 338; *Burnham* agt. *Acton*, 35 *How.*, 48;
*Sedgwick on Stat. and Com. Law*, 32, 34).

Being of a public character this provision of the act can-
not be affected by the constitutional prohibition (*People* agt.
*McCann*, 16 *N. Y.*, 58).

Ordinarily where separate and distinct subjects of legisla-
tion are contained in a statute which are not expressed in the
title, some of which are private or local and others public or
general, the former will be condemned and repudiated while
the latter are upheld and enforced by the courts. But after
careful consideration, I am constrained to hold that the present
case must be regarded as an exception to the rule. It would

Fall Brook Coal Company agt. Lynch.

be a palpable violation of every principle of justice and sound policy, if not of the fundamental law, to subject a party to the liability of being sued without conferring in return the right to sue and prosecute claims' in our courts. The right to sue is an incident of the liability imposed of being sued the same as a resident corporation. These rights to the company on the one hand and the public on the other are necessarily connected together in the same provision, and fall under one general head or subject within the meaning of the constitution. I am therefore led, after some hesitation, to the conclusion, that the act is not in conflict with the constitution. The motion must be denied with ten dollars costs.

Motion denied.