Campbell agt. Campbell.

# SUPREME COURT.

SARAH M. CAMPBELL agt. ICYNTHIA S. CAMPBELL *et al.*

*Partition — commissioners' fees.*

Commissioners appointed to make partition of real estate are not entitled to more than two dollars per day for each day *actually* and *necessarily* employed in the business of such partition, besides their actual and necessary disbursements, even where they are also directed to sell a portion of the property.

Each commissioner is entitled to compensation at that rate only for the time he was actually and necessarily employed in the duties of his office. The affidavits used on a motion to adjust the fees and expenses of commissioners must show, in detail, the number of day's service actually and necessarily performed by each commissioner, and, also, the actual disbursements made by the commissioners, together with the necessity of incurring them.

*New York Special Term, October,* 1874.

MOTION for an order directing the county clerk to tax the commissioners' fees and expenses at $1,683.02.

Three commissioners were appointed in this action to divide the property described in the complaint, which consisted of thirty-seven lots, situate in the counties of New York and Queens. They were afterward directed to sell the two lots which could not be partitioned. In their bill of costs, &c., on this motion they claim as follows:

| | | |
|---|---:|---:|
| Receiving order of sale and posting notices | $10 | 00 |
| Attending sale, at ten dollars each | 30 | 00 |
| Paying surplus to county treasurer | 3 | 00 |
| Commissions on amount realized at sale, about | 878 | 00 |
| Expenses | 312 | 02 |

---

Campbell agt. Campbell.

---

The other charges appear more fully in the opinion below.

*V. M. Osborn & John L. Hill*, for motion.

*W. S. Gibbons & W. S. Palmer*, opposed.

LAWRENCE, *J.* — The Revised Statutes prescribe that the fees of commissioners appointed to make partition or admeasure dower shall be " for every day's actual and necessary service, two dollars to each commissioner " (2 *R. S.*, 643, § 2).

I do not think that the affidavits read, on behalf of the commissioners, show that the commissioners were actually and necessarily engaged seventy-five days in making the partition in this case; and it does not seem that such a length of service could have been required in the partition of thirty-seven lots of land.

The act of 1869 does not avail the commissioners, because it has been declared to be unconstitutional by the court of appeals (*Gaskin* agt. *Meek*, 42 *N. Y.*, 188).

No greater sum can be allowed to the commissioners than two dollars for each and every day's actual and necessary service.

Objection has also been made to several items of disbursements claimed by the commissioners, on the ground that the same have not been properly verified, and have not been necessarily incurred.

These items must be verified, and the necessity of incurring them must be shown.

The motion to adjust the fees and disbursements of the commissioners at the amount specified in the schedule annexed to Mr. Smith's affidavit is, therefore, denied, without costs, but with leave to renew on two days' notice on further affidavits, showing in detail the number of days' service actually and necessarily performed by each commissioner, and also showing the actual disbursements made by said commissioners.