CATHARINE KERRIGAN, AS ADMINISTRATRIX OF, ETC., OF THOMAS KERRIGAN, DECEASED, *v.* WILLIAM FORCE, AS EXECUTOR OF, ETC., OF MARY FORCE, DECEASED, AND OTHERS.

*Judicial sales in county of Kings — chap.* 439 *of* 1876 — *validity of — Constitution, art.* 3, § 16.

Chapter 439 of 1876, providing that all judicial sales made in the county of Kings, except in actions of partition, and where the parties agree upon a referee, shall be made by the sheriff of the said county, and prescribing the fees to be received by him upon sales on foreclosure, is a public and not a local act within the meaning of section 16 of article 3 of the Constitution.

Even if such act were local it would not be obnoxious to the aforesaid provision of the Constitution, as it embraces but one subject which is expressed in the title, viz.: "An act relating to the expenses of judicial sales in the county of Kings."

*Gaskin* v. *Meek* (42 N. Y., 188) distinguished.

APPEAL from an order made at the Special Term, denying a motion to compel a purchaser to complete his purchase of certain real estate, sold under a decree of foreclosure entered in this action. The motion was resisted upon the ground that the sale having been made by a referee appointed by the court, without any agreement among the parties, was unauthorized and void, because forbidden by chapter 439 of 1876, which requires all judicial sales made in the county of Kings to be made by the sheriff.

*D. P. Barnard,* for the plaintiff, appellant. The act is a local act. (*People* v. *McCann,* 16 N. Y., 160; *Williams* v. *The People,* 24 id., 405; *People* v. *Hills,* 35 id., 449; *People* v. *Board of Supervisors of Chautauqua County,* 43 id., 10.) It embraces two subjects, to wit: 1. That all sales shall be by the sheriff. 2. What the sheriff's fees on foreclosure shall be. This bill is therefore unconstitutional. 1. Because it embraces more than one subject. 2. Because it is not expressed in the title that the sheriff shall make such sales. (Constitution, art. 3, § 16; *Connor* v. *The Mayor of New York,* 5 N. Y., 285; *People* v. *Supervisors of Chautauqua,* 43 id., 10; *Town of Fishkill* v. *Fishkill Company,* 22 Barb., 634; *Gaskin* v. *Meek,* 42 N. Y., 186.) The

second section of the act is unconstitutional, because, being a local
bill it increases the fees of the sheriff, a public officer, during the
term for which he was elected. (See § 18 of art. 3, as adopted at
the November election, 1874; Laws of 1874, pp. 927, 928.) By
section 77 of chapter 280, the Laws of 1847 (§ 3, R. S. [5th ed.],
p. 291), it is provided that the sheriff shall receive his disbursements
for printers' fees, and also the same fees as upon sales by virtue of
an execution, but such fees shall in no case exceed the sum of ten
dollars. The practice and proceedings of the courts of record of
this State are, by article 6, section 24, to be uniform. But the act
in question destroys that uniformity, inasmuch as sales in the
county of Kings are governed by a different form from sales in
every other part of the State.

*B. F. Tracy*, for N. H. Clement, the purchaser. An act which,
either in its subject, operation, or immediate and necessary results
affects the people of the State or their property generally, is a gen-
eral and not a local act. (*People* v. *Supervisors of Chautauqua*, 43
N. Y., 21; *Burnham* v. *Acton*, 35 How. Pr. R., 48; *In re De Van-
cene*, 31 id., 289; *People* v. *Williams*, 24 N. Y., 407; *People* v.
*McCann*, 16 id., 58.) Even if the act is deemed to be local, it is
nevertheless constitutional. The subject-matter of the act relates
to the expenses of judicial sales, and that subject is expressed in
its title. (*People* v. *Lawrence*, 41 N. Y., 139; *Matter of Mayor*,
50 id., 507.)

DYKMAN, J.:

On the 2d day of June, 1876, the legislature of the State of New
York passed an act entitled " An act relating to the expenses of
judicial sales in the county of Kings."

The first section provides that all sales made in the county of
Kings under judgment of any court, except sales in actions of par-
tition and where the sheriff of said county is a party, except where
both parties to a suit agree upon a referee to be appointed by the
court, shall be made by the sheriff of the county of Kings; the
second section prescribes the fees he shall be entitled to receive in
cases of sales on foreclosure, with the disbursements made by him
for certain prescribed purposes.

A referee was appointed by the court, to make the sale under the judgment in this action without any agreement being made by any of the parties for that purpose, and the purchaser now refuses to consummate the sale, denies that the referee can give a title to the premises, and asks to be relieved from his purchase and asks to be released, and the question thus presented and to be determined, is whether the referee can give the purchaser a good title under his sale, or whether the sale should have been made by the sheriff. It is not claimed that this legislation is obscure, nor but that this case falls within that class of cases in which, by the terms of this law, the sheriff must sue, but the legislation itself is challenged as being obnoxious to section 16 of article 3 of the Constitution of the State of New York, which provides that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." It will be convenient to determine, in the first place, whether the law in question is a private or local act.

This constitutional provision was first introduced in the Constitution of 1846. Before that time the question whether a law was a public or private act was only important in determining whether the courts would take judicial notice of it, or whether it must be pleaded, it being a rule of the common law, that the courts would take judicial notice of all public acts, but that private acts must be specially pleaded. The distinction between public and private acts is not very well defined in the books, and the word local, as applied to statutes, is comparatively new. The framers of the Constitution have used the words local and private both.

They employed the word private as applicable to persons only, and the word local as applicable to territory only. (*People* v. *Supervisors, etc.,* 43 N. Y., 18.) It was an old common-law maxim in England, that every statute that concerned the king and every statute that related to all the subjects of the realm were public statutes.

It was also held in *Holland's Case* (4 Coke R., 76), that acts which in their objects and operations are merely local or limited are nevertheless treated as public acts, because, although limited to a particular section or locality, yet they affect the public at large when acting within that section or locality, in reference to matters within

the purview of the act. Again, in Bacon's Abridgment (Statutes, F), the rule is laid down that "acts concerning all persons generally are deemed public, as distinguished from private acts, though it be in regard to a special or particular thing, such as a statute concerning the Circuit Court, Oyer and Terminer, woods in forests."

Since the adoption of the Constitution of 1846, this peculiar provision has been often before the courts of our State, but in the great majority of cases the question has simply been decided one way or the other, without giving much light on the general subject. Some of the cases, however, do help us materially in their examination, and a reference to them will not be unprofitable. In the case of *The People* v. *Supervisors of Chautauqua County* (43 N. Y., 16), Judge FOLGER, in writing the opinion, gives a very clear idea of a local law in the following language: "The word local, as applied to a bill, to an act, to a law, means such bill, act or law as touches but a portion of the territory of the State, a part of its people, a portion of the property of its citizens."

Again, after an examination of many of the cases, he remarks in the same opinion: "It must be held, then, from the authorities, also, that an act is local within the meaning of the Constitution which in its subjects relates but to a portion of the people of the State, or to their property, and may not, either in its subject, operation or immediate and necessary results affect the people of the State, or their property, in general."

This being so, the converse of the proposition would make the law a general one. The case of *The People* v. *O'Brien* (38 N. Y., 193), holds that local acts are confined to the persons and property both of a specific locality, while general laws embrace either the persons or the property of the people of the State. In the case of *Bretz* v. *The Mayor* (3 Abbott's Practice [N. S.], 480), in the Superior Court of New York, Judge MONELL makes use of the following language: "There are statutes which are local in one sense, which are nevertheless public statutes, for it is not necessary to constitute a statute a public act that it should be equally applicable to all parts of the State, it is sufficient if it extends to all persons doing or omitting to do an act within the territorial limits described in the statute."

In *Pierce* v. *Kimball* (9 Greenl. [m. p.], 54), an act which prohib-

ited sales unless thus surveyed and marked was held to be a public act, as it operated on all persons; so an act for the preservation of fish in a particular river was pronounced a public act, inasmuch as it was obligatory upon all persons. (*Burnham* v. *Webster*, 5 Mass., 266.) In the case of *Williams* v. *The People* (24 N. Y., 405), one section of the law under consideration provided for an increased punishment for larceny from the person, when committed in the city of New York, and Judge DENIO thought this section was not local within the meaning of the Constitution, because "it pre- scribes the rule of conduct for all persons, whether residents of the city or of any other part of the State, and its increased penalties are intended to protect residents of other localities equally with the residents of the city."

From these authorities, the rule seems fairly deducible that an act is general, within the meaning of the Constitution, which, in its subjects, relates to all the people of the State, or to their property, though its operation be not equally applicable to all parts of the State, and that local acts are such as are confined to the persons and property, both of a specific locality. Now, within these rules, we conclude that the act in question is a public act. It operates upon all persons in the State, no matter where they may reside, and upon the property of all such persons located in the county of Kings. Now, although our conclusion upon this point would lead to an affirmance of the constitutionality of this law, and of the order appealed from, yet we think it best to record the result of our examination of the other point raised, that this act embraces more than one subject.

The provision of the Constitution invoked was intended by the framers of that instrument to prevent improper combinations of measures in local bills, and the fraudulent insertion of provisions foreign to that indicated in the title, and to require that the title of each bill should indicate the subject of its provision, so that neither the legislature nor the public would be misled nor deceived. (*People* v. *Briggs*, 50 N. Y., 558.) Does this legislation fall within the evils which were thus intended to be prevented and avoided? Does the title of this act indicate the subject of its provision? It is not necessary that the title shall be the best or most expressive that could have been adopted. The degree of particularity

with which a title of an act shall express the subject of the act rests in the discretion and wisdom of the legislature; and in examining and criticising the action of that body the courts must not require too much, and must not lose sight of the fact that the legislature is a co-ordinate branch of the government of the State, and that to it has been committed the legislative department of the government, and that with the exercise of its powers and functions the courts have no power to interfere. Neither should the courts be too astute to find out extraneous matter; on the contrary, every intendment is in favor of the validity of legislative enactments. Is the subject of this act fairly expressed in its title? Does the act relate to any subject but that of expenses of judicial sales in the county of Kings? It does not profess to regulate them, nor prescribe them, nor control them, it only professes to relate to them. If it does this, and does nothing more, then it is not obnoxious to the provisions of the Constitution, and we cannot interfere. With the wisdom or folly of the legislature we have nothing to do. The legislature is as supreme in its sphere as the courts are in theirs; and if the law relates to no subject but that of expenses of judicial sales, then it is beyond our reach, and if relief is needed, it must be sought elsewhere. It was not necessary that the way or manner in which this law related to the expenses of judicial sales in the county of Kings should be expressed in the title. It does provide that certain judicial sales shall be made by the sheriff, and that for those he shall receive certain fees. If any provisions were made in relation to the expenses of judicial sales, they must certainly have been made with reference to some person or officer who was to receive them, whether the person or officer was named or not. In this act it seems to have been the intention of the legislature to prescribe the fees which the sheriff of Kings county should receive in cases of sales on foreclosure. It gives him no new power, but provides that certain cases shall go to him, and in those cases he shall receive certain fees. The legislature chose to make this act relate to the fees of the sheriff in that way, and we do not think it relates to any subject but the sheriff's fees in judicial sales.

In the case of *Brewster* v. *City of Syracuse*, an act entitled "An act for the relief of James Ley & Son," which authorized the common council of the city of Syracuse to levy a tax and pay the

claimants $600 beyond the contract-price for building a sewer, was held valid by the Court of Appeals. (19 N. Y., 116.)

The case of *Gaskin* v. *Meek* (42 N. Y., 188), was referred to on the argument, but it was so different from this case that it can hardly be said to have any bearing on it at all. There the title of the act was "An act in relation to the fees of the sheriff of the county of New York, and to the fees of references in particular cases." The act gave the sheriff the exclusive power of sale, except in partition cases, and provided that certain commitments by police justices should be directed to . the sheriff. That was a plain violation of the Constitution.

It is next claimed that the second section of this act is unconstitutional, for the reason that the law is a local one, and increases the fees of the sheriff during the term for which he was elected. If we are right in our conclusion that this is not a local but a general law, this objection is not well taken.

As to the objection that the act in question destroys the uniformity of the practice and proceedings in the courts of record of the State, we do not think the objection is well taken.

Order appealed from must be affirmed, with costs and disbursements.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Order denying motion to compel purchaser to take referee's deed affirmed, with costs and disbursements.