ROBERT G. RICHARDS, PLAINTIFF, v. PIERRE T. C. RICHARDS AND OTHERS, DEFENDANTS.

*Sale in partition—fees of referee*

Upon a sale of lands in an action for partition, the referee conducting the same is entitled to receive for his services a commission not exceeding in any case $500.

THIS is an appeal from an order of the Special Term confirming the report of a referee, in regard to the compensation of B. C. Chetwood, Esq., as referee, upon the sale of land in partition.

*Alfred Roe,* for the defendants Richards and Moore, appellants.

*Edward Bartlett,* for the referee Chetwood, respondent.

INGALLS, J.:

We deem it a hopeless task, from the various statutes to which we have been referred, in regard to the compensation of referees upon the sale of land in an action for partition, to ascertain with entire satisfaction, the intention of the legislature in regard to the compensation of referees in such causes. The statutes are so conflicting, that they cannot be reconciled; and, in some

instances even the provisions of the same statute are not in harmony. We conclude, however, that it is fairly inferable from all the statutes, that in actions for partition, the referee, upon the sale, is entitled to a commission not exceeding in any cause, five hundred dollars. The referee, to whom this matter was referred, and whose report had been confirmed by the Special Term, has in his opinion, which accompanies the papers, given a very good reason for the conclusion at which he arrives. We think the order of the Special Term should be affirmed; but without costs of this appeal.

Davis, P. J., and Brady, J., concurred.

Order affirmed, without costs.

The following is the opinion of the referee referred to in the opinion of Ingalls, J.:

"The question in this case is whether there is any statute fixing the fees of referees in partition, and if so, at what rate the same should be computed.

Chapter 569, Laws 1869, vol. 2, p. 1377, was passed for the purpose of settling questions of this description.

It is entitled an act in relation to the fees of the sheriff of the city and county of New York, and to the fees of referees in sales on partition cases; and enacts:

I. That all sales in New York under judgments or decrees, except in cases of partition, etc., shall be made solely by the sheriff.

II. In cases of sales on foreclosure, the sheriff shall receive the following fees:

| | |
|---|---:|
| For receiving order and posting notice of sale, | $10 |
| For attending sale, | 10 |
| Drawing each deed, | 5 |
| Adjourning sale (three times), | 3 |
| Report of sale, | 5 |
| Paying over surplus, | 3 |

besides disbursements.

III. That commitments by police justices should be directed to the sheriff.

IV. That in case of sales in actions in partition by referees, they shall receive the same fees and disbursements as are allowed by section two to the sheriff, and in addition a commission on all moneys received and paid out by them, at the same rate as executors; such commission not to exceed $500.

This action was held unconstitutional, upon the ground that the two subjects, of the *fees of the sheriff* and *of referees*, provided for in sections two and four, were alone referred to in the title, the subjects of the exclusive power of the sheriff to make sales, and of the police justices to make commitments, not being referred to therein.

That the act was a *local act,* embracing more than one subject, and that the exclusive right of the sheriff to sell was not expressed in the title, and that the act was therefore unconstitutional, *so that a sale by a referee was valid.* (*Gaskin* v. *Meek,* 42 N. Y., 186–188.)

By chap. 192, Laws 1874, section one of this act was amended so as to read as follows:

§ 1. " Sales of real estate hereafter made in the city and county of New York under the decree or judgment of any court, may be made by the sheriff of said city and county, or by a referee, * * * but when any sale is made *by any officer other than the sheriff,* no greater sum shall be charged or allowed as fees than as prescribed in section two of this act," and section three was repealed.

As section four, prescribing the fees of referees in partition was not amended, the legal presumption is that it was intended to remain law.

It conflicts, however, absolutely, with section one as to the fees of officers other than the sheriff, unless it should be held that they relate to different subjects. And as the legislature cannot be considered to have intended a flat contradiction in the same act, it is but fair to presume that section one was intended to cover sales by referees *in other than partition cases,* which would be the same cases as those where the sheriff would sell (*i. e.,* foreclosure, etc.).

This is further demonstrated from the fact that section one, as originally passed, did not include partition cases, and section

two refers only to sheriff's fees *in foreclosures.* (See *Innes* v. *Purcell*, 2 Sup. Ct. Rep. [T. & C.], 543.)

The declaration by the Court of Appeals that the statute of 1869 was unconstitutional, on account of section one and three referring to subjects not alluded to in the title, did not avoid *the entire act.* (*People ex rel. Lee* v. *Suprs. Chautauqua*, 43 N. Y., 10; *Town of Fishkill* v. *F. & B. Plk. R. Co.*, 22 Barb., 643; *People* v. *Lawrence*, 36 id., 190–191; affi'd in Ct. of App., 41 N. Y., 137; and see cases as to tax levies, 2 Abb. Dig., 140.)

This is particularly the case, inasmuch as the provision as to the fees of referees in partition cases was not a local *but a general law applicable to the entire State.*

The placing of a general law in a private bill saves the general law by making the act public. (*People ex rel. Lee* v. *Sup'rs Chautauqua*, 43 N. Y., 10; *People* v. *McCann*, 16 N. Y., 58, 60; *Williams* v. *The People*, 24 id., 405, 406.)

This view is in opposition to that expressed by the revisers of the new statutes; but, on the other hand, it is sustained by Hoffman on Referees, 285.

I am, therefore, of the opinion that the referee is entitled to receive, in addition to his disbursements, (about which there is no dispute, before me) the same commissions as an executor, on the purchase price, $20,600, viz:

| | | | | | |
|---|---|---|---|---|---:|
| 5 per cent. on $1,000, | - | - | - | - | $50 00 |
| 2½   "   9,000, | - | - | - | - | 225 00 |
| 1   "   10,600, | . | - | - | - | 106 00 |
| | | | | | **$381 00** |

| | | |
|---|---|---:|
| Receiving order and posting notice of sale, | - - | 10 00 |
| Posting notice of re-sale, | - - - - - | - 10 00 |
| Attending sale, | - - - - | - 10 00 |
| Drawing four deeds at $5, | - - - | - 20 00 |
| Drawing report of sale, | - - - - | 5 00 |
| Paying over surplus, | - - | - 3 00 |
| | | **$439 00** |

N. Y., Nov. 9, 1875.

GEO. W. WINGATE, *Referee.*"