Strauss agt. Hellman.

tain defendant, James M. Higby's name, nor did not specify the office, post-office address and street number of the plaintiffs' attorney, as required by section 417, Code Civil Procedure, nor did the notice annexed specify the office address of plaintiffs' attorney as required by Rule 2 of the supreme court; that the words of section 417 of the Code are mandatory, and that the omission was a jurisdictional defect and could not be cured by an amendment under section 723 of the Code of Civil Procedure, and cited *Osborn* agt. *McCloskey* (55 *How. Pr. Rep.*, 345).

*John F. Wilson*, in opposition to motion, claimed that the summons was regular and that the defect could be cured by amendment, and asked leave to amend.

---

## SUPREME COURT.

CELIA STRAUSS and others agt. LEOPOLD HELLMAN and others.

*Referees — their fees in partition.*

Referees making sales in partition are to be allowed the same commissions prescribed by law for executors and administrators (*Laws of* 1869, *vol.* 2, *p.* 1378, *sec.* 4), viz.: For receiving and paying out all sums of money not exceeding $1,000, at the rate of five dollars per cent; for receiving and paying out any sums exceeding $1,000, and not amounting to $10,000 at the rate of two dollars and fifty-cents per cent; for all sums above $10,000 at the rate of one dollar per cent (3 *R. S.* [6th ed.], 101, *sec.* 71).

The commission is provided as a compensation for both receiving and paying out the money, and for that alone.

Where a referee, who was appointed to make a sale in partition, sold the property subject to certain mortgages, the purchase-money actually paid being $7,650, while the mortgages, subject to which the property was sold, appear in the aggregate to have been $16,500 :

*Held,* that he could only charge commissions on the amount actually paid ; he could not charge commissions for the amount of the mortgages sub- ject to which the property was sold.

*Special Term, March,* 1880.

*Michael J. Kelly,* the referee, in person, for motion.

*William Allan, Otto Hornitz* and *Joseph C. Wolf,* for defendants, opposed.

DANIELS, *J.* — The referee who was appointed to make the sale in partition in this case, demands commissions for the amount of the mortgages subject to which the property was sold. The purchase-money actually paid was $7,650, while the mortgages, subject to which the property was sold, appear in the aggregate to have been $16,500. No part of this sum was either received or paid out by the referee, and the interest bound by these incumbrances was in no form sold by him. But that was substantially excepted from the interest which was sold by the sale being made subject to these incumbrances. It is not, by any means, plain, from the language of the stat- utes upon this subject, that any commissions on the amount really paid upon the sale could be lawfully charged by the referee. For, by the express terms of chapter 192 of the Laws of 1874, it was provided that sales of real estate under the judgment or decree of any court may be made in the city of New York by the sheriff or a referee appointed for that purpose by such judgment or decree. But when made by any other officer than the sheriff no greater sum shall be charged or allowed as fees than those prescribed by section 2 of the act amended by this chapter. The section here referred to is section 2 of chapter 569 of the Laws of 1869, and it con- tains no authority whatever for charging commissions. Before this amendment of 1874 the act of 1869 was held by the court of appeals to have been unconstitutionally enacted, and for that reason it was, without reservation or qualification,

held to be void (*Gaskin* agt. *Meek*, 42 *N. Y.*, 186). But it has since been held by this court that as section 4 was couched in general terms, although the act, by its title, seems to have related to sales made alone in the city of New York, that it did not fail with the residue of the act (*Daly* agt. *Jacob*, 2 *Abb. New Cases*, 97; *Richards* agt. *Richards*, 21 *N. Y.*, *Sup. Ct.*, 25), and under that conclusion fees by way of commissions are now allowed to referees for sales made under judgments in partition, in addition to the other fees prescribed for their services. Whether this is a sound construction or not of the law, is not now a point presented for decision. The doctrine of these cases will be followed, therefore, in determining the controversy now presented for decision.

But while they held that commissions might be charged, in neither of them was it held that the commissions could be calculated on the amount of incumbrances subject to which the sale should be made. In the first, the bids made included the amount of the mortgages, which were credited upon them in the final adjustment of the purchase-price; while in the other it does not appear that there was any incumbrance on the property beyond that under which the sale was made. Neither case, therefore, is an authority for the allowance of the claim now made. The distinction between this point and that held in *Daley* agt. *Jacob* (*supra*), is certainly quite attenuated, but, nevertheless, it does exist, for there the incumbered interest in the property was really sold, but in the present instance it was not. These allowances bear with extreme harshness upon the owners of real estate required to pass under the disposition of courts of justice and they ought not to be extended beyond the amount provided for by law. As that has now been construed to be in force, referees making sales in partition are allowed the same commissions prescribed by law for executors and administrators (*Vol.* 2, *Laws of* 1869, *p.* 1378, *sec.* 4). Those commissions are declared to be: For receiving and paying out all sums of money, not exceeding $1,000, at the rate of five dollars per cent; for receiving and

paying out any sums exceeding $1,000, and not amounting to $10,000, at the rate of two dollars and fifty cents per cent; for all sums above $10,000 at the rate of one dollar per cent (3 *R. S.* [*6th ed.*], 101, *sec.* 71). By these provisions the commission is provided as a compensation for both receiving and paying out the money, and for that alone. In the case now under consideration no part of these mortgages was received by the referee. Neither was any part of them in any form paid out by him. He had nothing whatever to do with them beyond selling subject to them as incumbrances over which he had no authority whatsoever. For these reasons he has no right to the commissions now claimed by him and disputed by the parties whose property would be affected by their allowance, and an order to that effect will be entered in the case.