pointed thereby, shall be known as "party nominations." The nominations in the case before the court fall within this definition. They were made by a county convention composed of delegates duly elected at primaries. The law applies to all organized parties, and it puts a mere local and isolated party on the same footing as a state party and its local branches, sections, or connections. It is indisputable that in the case of local party nominations, when the certificate is filed with the county clerk, it is his duty, in the making up of complete ballots, to use such local party nominations as a basis for a complete ballot, and to put them on a ballot with other party nominations, state and local, of the same political kind. This follows from the bare requirement that he provide the ballots for the polling places. Section 86. In other words, he must put a local party's nominees on a ballot with the nominees of the state party to which such local party adheres in fact and in good faith, and, therefore, belongs; and he must in the same way associate on the same ballot all kindred party nominations through the various grades, from state down to town. In this way, from state party nominations down to town party nominations, a ballot is made up of kindred party nominations. What sets of nominations are akin, or whether a particular party's nominations are akin to any other party nominations, is in every case a question of fact. Such questions of fact are to be determined by the county clerk, subject to review by this court. Taking any particular party nominations, state or local, as a basis for a ballot, no great difficulty will be encountered as a rule in making up the complete ballot. It seems to me that section 82 contemplates the foregoing construction, for it provides that there shall be as many different ballots as there are different parties represented by filed certificates of nomination; and this means ballots as complete as they can be made by the alliance of kindred nominations, and not skeleton ballots for every party, state or local. The local party now before the court adheres to Democratic party teachings and principles, supports the state Democratic party and its nominations, and is of that party, though not in harmony with all local parties in harmony therewith; and it is therefore entitled to have its nominations associated on a ballot with the nominations of that party. It is also entitled to have the nominations of local parties through all grades which are in harmony with it on such ballot. Let the writ of mandamus issue.

---

(10 Misc. Rep. 57.)

## ROGERS v. UNION RY. CO.

(Supreme Court, Special Term, New York County. October, 1894.)

STATUTES—TITLE OF ACTS—PLURALITY OF SUBJECT.

Laws 1894, c. 598, entitled "An act to amend chapter 361 of the Laws of 1863, entitled 'An act to authorize the construction of a railroad and tracks in the towns of West Farms and Morrisania,' as subsequently amended," and containing a provision confirming proceedings under the act of 1863, violates Const. art. 3, § 16, forbidding a private or local bill to embrace more than one subject, which shall be expressed in the title.

Action by James Rogers against the Union Railway Company for an injunction. Plaintiff demurs to a separate defense in the answer. Sustained.

James A. Deering (George G. Munger, of counsel), for plaintiff.
Edward Lauterbach (William H. Page, Jr., of counsel), for defendant.

INGRAHAM, J. The action is brought to restrain the defendant from erecting, maintaining, or operating a certain railway through 135th street in the city of New York, on "the ground that the defendant is not authorized to build or maintain a railway in such street, and that certain acts under which the defendant corporation claimed to obtain such right are unconstitutional and void. In answer to that complaint the defendant alleges, for a further defense, that by virtue of the provisions of chapter 598 of the Laws of 1894 all the proceedings taken by the defendant under the act set forth in the complaint have been expressly approved, ratified, and confirmed. To this separate defense the plaintiff demurs, on the ground that it is insufficient in law and upon the face thereof, and claims that this act of 1894, so far as it attempts to approve, ratify, and confirm the proceedings taken by the defendant, by which it claims to have acquired such right to build said railroad, is unconstitutional and void; and one of the grounds alleged is that the act is in contravention of section 16, art. 3, of the constitution, which declares that no private or local bill that may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title. The question as to the constitutionality of the various acts under which the defendant claims the right to build this road has been elaborately argued before me, but I do not deem it necessary to express an opinion as to the validity of those acts. It is claimed that they have been upheld by several justices of this court at special term, and I am inclined to think that it should be left to the appellate branch of the court to review those decisions. The question, however, as to whether or not the provision of this law of 1894 is valid, so far as it attempts to ratify and confirm the proceedings taken under the prior acts, is one to be determined upon this demurrer. The title of this act is, "An act to amend chapter 361 of the Laws of 1863, entitled 'An act to authorize the construction of a railway and tracks in the towns of West Farms and Morrisania,' as subsequently amended." By the first section of the act in question the title of chapter 361 of the Laws of 1863 is amended; and by the second section it is provided:

"Any and all proceedings heretofore taken in substantial compliance with the provisions of chapter three hundred and sixty-one of the laws of eighteen hundred and sixty-three, as now amended, are hereby approved, ratified and confirmed."

This act, therefore, attempts two things: It first amends the act of 1863; it then proceeds to approve, ratify, and confirm all proceedings taken in substantial compliance with the provisions of that

act. It is claimed by the defendant that this is a provision of law which approves, ratifies, and confirms all the actions of the corporation, both as to its organization and its right to construct a railroad through the streets of the city, contained in an act with a title which assumes only to amend the act originally incorporating the railroad, and authorizing it to run in certain streets. Would any one, seeing the title of this act, and assuming it to amend an act of 1863, understand that in it was contained a provision approving and ratifying all the acts of the corporation formed under its provisions during the 30 years that had elapsed since the original act was passed? In Astor v. Railroad Co., 113 N. Y. 93, 20 N. E. 594, Earl, J., delivering the opinion of the court, in discussing the effect of this constitutional prohibition, said:

"The title must be such at least as fairly to suggest or give a clue to the subject dealt with in the act, and unless it comes up to this standard it falls below the constitutional requirement."

And in Re Mayor, etc., of New York, 99 N. Y. 570, 2 N. E. 642, Finch, J., says:

"Where one reading a proposed bill, with the title in his mind, comes upon provisions which take him by surprise, which he could not reasonably have anticipated, and so both citizen and legislator are misled and thrown off their guard, it is our duty to declare the condemnation of the fundamental law."

Applying this test to the act in question, it seems to me clear that the act expressly violates this prohibition. No one looking through the title of an act to amend an act of 1863, which authorized the construction of a railroad in the towns of West Farms and Morrisania, would expect to find within the act a provision ratifying and confirming proceedings of another railroad company that had succeeded to the corporation organized under the act of 1863, so as to confirm a right to build a railroad in one of the streets of the city several miles distant from the original place where one was authorized to be constructed. Since the passage of the act of 1863 the defendant claims to have acquired most extensive powers, authorizing it to build many miles of railroad in the city of New York. But the law that confirms it in this right, notwithstanding objections of the most serious character, certainly could not be looked for in an act that merely purports by its title to amend an act passed in 1863. This provision of the constitution has been applied by the courts of this state so as to declare many acts of the legislature void, and a good illustration of the principle upon which the courts have acted is found in the case of People v. O'Brien, 38 N. Y. 193. The act in question in that case was one entitled "An act to enable the board of supervisors of the county of New York to raise money by tax for the use of the corporation of the city of New York, and in relation to the expenditure thereof, and to provide for the auditing and payment of unsettled claims against said city, and in relation to actions at law against said corporation;" and in that act was inserted a provision amending the charter of the corporation, and in relation to the term of office and the time of

election of certain municipal officers. Grover, J., in delivering the opinion of the court, said:

"The section in question being local, it remains to inquire whether its subject is expressed in the title. A perusal of the title of the act will clearly show that it is not. No one, from reading the title, would have the slightest idea that the term of office of the councilmen of the city of New York was in any way affected. The section must, therefore, be adjudged void upon this ground."

And this language can be used with the greatest propriety in construing the act under consideration here. No one, from reading the title of this act of 1894, which was expressed to be an act to amend a certain chapter of the Laws of 1863, would have the slightest idea that it was proposed to confirm to a corporation the right to construct many miles of railroad in New York City. It seems to me that section 2 of the act of 1894 is clearly in contravention of this constitutional prohibition, and is void. The plaintiff, therefore, is entitled to judgment upon the demurrer, with costs, with leave to the defendant to amend the answer within 20 days upon payment of costs.